J-S13039-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| ROWLANDA KENNEY | |
| Appellant | No. 1542 WDA 2014 |

Appeal from the PCRA Order dated August 22, 2014
In the Court of Common Pleas of Blair County
Criminal Division at No: CP-07-CR-0001080-1997

BEFORE:  BENDER, P.J.E., MUNDY, and STABILE, JJ.

MEMORANDUM BY STABILE, J.:  **FILED MAY 12, 2015**

Appellant Rowlanda Kenney appeals from the August 22, 2014 order of the Court of Common Pleas of Blair County ("PCRA court"), which dismissed as untimely Appellant's request for collateral relief under the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-46.  For the reasons set forth below, we affirm.

The facts and procedural history underlying this appeal are undisputed.  On June 9, 1998, Appellant was sentenced to life imprisonment following her jury conviction of first-degree murder and endangering the welfare of a child in connection with the murder of her boyfriend's four-year-old daughter.  On February 22, 2000, a panel of this Court affirmed Appellant's judgment of sentence.  *See Commonwealth v. Kenney*, 754 A.2d 19 (Pa. Super. 2000) (unpublished memorandum).

Subsequently, our Supreme Court denied Appellant's petition for allowance of appeal. *See Commonwealth v. Kenney*, 764 A.2d 1066 (Pa. 2000). On December 27, 2000, ninety days following our Supreme Court's denial of her petition and the time for Appellant to file a petition for writ of *certiorari* with the United States Supreme Court had expired, Appellant's judgment of sentence became final. *See* 42 Pa.C.S.A. § 9545(b)(3); United States Supreme Court Rule 13.

On January 9, 2001, while represented by the Blair County Public Defender's Office, Appellant *pro se* petitioned the trial court for production of transcripts concerning preliminary hearing, trial and sentencing. On March 8, 2001, the trial court denied the *pro se* petition. In so doing, the trial court noted "It is not the practice of [the trial court] to type transcripts where there is nothing pending before the [trial court]. In the event of a request for post conviction relief [the trial court] would reconsider this request."[1] Trial Court Order, 3/8/01. On March 20, 2001, the Blair County Public Defender's Office filed a "Petition to Withdraw as Counsel and for the Appointment of Counsel," because Appellant's wish to file a PCRA petition was against the public defender's wishes. On the same day, the trial court

---

[1] It is settled that "a court is not required to comply with a defendant's request for transcripts in order to pursue relief in a PCRA proceeding where **no such action is pending**." *Commonwealth v. Crider*, 735 A.2d 730, 733 (Pa. Super. 1999) (emphasis added); *see also Commonwealth v. Ballem*, 482 A.2d 1322, 1324 (Pa. Super. 1984).

granted the petition filed by the public defender's office and appointed Russell Montgomery, Esquire, as counsel.[2] On June 28, 2001, Appellant filed a second *pro se* petition for production of transcripts, which the trial court denied, noting that "[t]here are no matters pending." Trial Court Order, 7/9/01. On May 22, 2002, Appellant filed a third *pro se* request for production of transcripts, which the trial court also denied because no issues were pending. On June 4, 2002, Appellant filed a *pro se* "Motion for Withdrawal of Counsel," arguing that Attorney Montgomery be removed as counsel of record for failing to file a PCRA petition.[3] On June 25, 2002, the trial court denied the motion.

On October 20, 2010, Appellant filed a *pro se* PCRA petition, raising principally claims of ineffectiveness against Attorney Montgomery. Following

---

[2] Although it is not an issue on appeal, we note a trial court may not appoint counsel **in anticipation** of a defendant's filing of a PCRA petition. Rule 904 of the Pennsylvania Rules of Criminal Procedure provides in pertinent part "when an unrepresented defendant satisfies the judge that the defendant is unable to afford or otherwise procure counsel, the judge shall appoint counsel to represent the defendant on the defendant's first petition for post-conviction collateral relief." Pa.R.Crim.P. 904(c), **see also** comment to Rule 904 ("[I]t is intended that counsel be appointed in every case in which a defendant **has filed** a petition for post-conviction collateral relief for the first time and is unable to afford counsel or otherwise procure counsel.") (emphasis added); **see also Commonwealth v. Glacken**, 32 A.3d 750, 752 (Pa. Super. 2011) (noting that "Rule 904(C) of the Pennsylvania Rules of Criminal Procedure provides that an indigent petitioner is entitled to representation by court-appointed counsel in connection with his first PCRA petition").

[3] The record indicates a dispute as to whether Attorney Montgomery received a notice of appointment. **See** Trial Court Opinion, 8/22/14, at 7.

appointment of new counsel, the Commonwealth moved to dismiss the PCRA

petition on the basis of timeliness on November 30, 2010. On June 7, 2012,

Appellant filed an amended (counseled) PCRA petition, by which she

supplemented her previous *pro se* petition. In the amended PCRA petition,

Appellant raised only a constitutional claim under **Lafler v. Cooper**, 132 S.

Ct. 1376 (2012).[4] Following several hearings, the PCRA court issued an

opinion and order, dismissing as untimely Appellant's PCRA petition and

denying relief based on **Lafler**. In its opinion, the PCRA court concluded

Appellant failed to overcome the timeliness requirement of the PCRA.

Appellant timely appealed.[5]

On appeal,[6] Appellant raises a single issue for our review:

> Did the PCRA court err in dismissing [Appellant's] first Motion for Post-Conviction Relief as untimely where the Blair County Administrator's Office failed to properly serve appointed PCRA counsel, Attorney Montgomery, with the order of appointment in March 2001 which interfered with the timely filing and perfection

---

[4] In **Lafler**, the Supreme Court of the United States held a defendant must receive post-conviction relief "when inadequate assistance of counsel caused nonacceptance of a plea offer and further proceedings led to a less favorable outcome," and where the defendant has shown that "the outcome of the plea process would have been different with competent advice." **Lafler**, 132 S. Ct. at 1382-85, 1390-91.

[5] The trial court did not order Appellant to file a Pa.R.A.P. 1925(b) statement of errors complained of on appeal.

[6] "In PCRA proceedings, an appellate court's scope of review is limited by the PCRA's parameters; since most PCRA appeals involve mixed questions of fact and law, the standard of review is whether the PCRA court's findings are supported by the record and free of legal error." **Commonwealth v. Pitts**, 981 A.2d 875, 878 (Pa. 2009) (citation omitted).

of [Appellant's] first Motion and resulted in a violated of [Appellant's] rule-based right to effective collateral review counsel[.]

Appellant's Brief at 4.

As a threshold matter, we must determine whether the court erred in dismissing as untimely Appellant's PCRA petition. The PCRA contains the following restrictions governing the timeliness of any PCRA petition.

**(b) Time for filing petition.--**

(1) Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

(2) Any petition invoking an exception provided in paragraph (1) shall be filed within 60 days of the date the claim could have been presented.

(3) For purposes of this subchapter, a judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review.

42 Pa.C.S.A. § 9545(b). Section 9545's timeliness provisions are jurisdictional. *Commonwealth v. Ali*, 86 A.3d 173, 177 (Pa. 2014).

Here, as stated earlier, the record reflects Appellant's judgment of sentence became final on December 27, 2000. **See** 42 Pa.C.S.A. § 9545(b)(3); Pa.R.A.P. 903(a). Because Appellant had one year from December 27, 2000 to file his PCRA petition, the current filing is untimely on its face given it was filed on October 20, 2010.

The one-year time limitation, however, can be overcome if a petitioner alleges and proves one of the three exceptions set forth in Section 9545(b)(1)(i)-(iii) of the PCRA. Here, Appellant argues for relief based on only governmental interference under Section 9545(b)(1)(i).[7] Our review of Appellant's *pro se* and amended PCRA petitions, however, reveals Appellant failed to raise the governmental interference exception before the trial court. As such, Appellant waived this claim. **See** Pa.R.A.P. 302(a) ("Issues not raised in the lower court are waived and cannot be raised for the first time on appeal."). We likewise dismiss as waived Appellant's suggestion that the after-discovered evidence exception under Section 9545(b)(1)(ii) applies in

---

[7] Although abandoned on appeal, Appellant raised only one of the Section 9545(b) exceptions before the trial court. In her amended PCRA petition, Appellant alleged that, under Section 9545(b)(1)(iii), **Lafler** created a new constitutional right that retroactively applied to her case. This Court, however, has rejected an identical argument in **Commonwealth v. Hernandez**, 79 A.3d 649 (Pa. Super. 2013). The **Hernandez** Court determined that **Lafler** did not create a newly-recognized constitutional right and, as such, does not provide a petitioner with an exception to the PCRA's timeliness requirements. **Id.** at 654. We also note Appellant did not file her amended PCRA petition raising the **Lafler** issue within 60 days of the decision in **Lafler**. The Supreme Court decided **Lafler** on March 21, 2012 and Appellant filed her amended petition on June 7, 2012.

this case, because she was unaware that Attorney Montgomery had abandoned her.[8]

In sum, given the fact that Appellant filed her first PCRA petition approximately eight years and ten months after the deadline to file the petition had expired and she does not satisfy any of the timeliness exceptions under Section 9545(b), the PCRA court did not err in dismissing her petition as untimely.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/12/2015

---

[8] Even if Appellant properly had preserved her claims under the governmental interference and after-discovered evidence exceptions, they still fail. Appellant provides no facts to establish that she raised the claims within 60 days under Section 9545(b)(2). Specifically, with regard to after-discovered evidence, Appellant's suggestion that she **recently** discovered Attorney Montgomery abandoned her is belied by the record. As noted earlier, on June 4, 2002, Appellant *pro se* moved to have Attorney Montgomery withdrawn as counsel of record, arguing he failed to file a PCRA petition.