423 A.2d 1045

**COMMONWEALTH of Pennsylvania**

v.

**Robert Lehman BEAR, Appellant.**

Superior Court of Pennsylvania.

Argued Sept. 8, 1980.

Filed Dec. 19, 1980.

Taylor P. Andrews, Public Defender, Carlisle, for appellant.

J. Michael Eakin, Assistant District Attorney, Carlisle, for Commonwealth, appellee.

Before SPAETH, HESTER and CAVANAUGH, JJ.

PER CURIAM:

This is an appeal from an order of the trial court dated February 4, 1980, which refused a petition filed on January 11, 1980, by appellant Robert Lehman Bear to have the testimony of Gail G. Bear transcribed by the court stenographer and delivered to Mr. Bear upon his payment of the cost of transcription and copying.

Appellant had been subjected to criminal charges in Cumberland County and was found not guilty by a jury on December 4, 1979.

The only issue on appeal is the propriety of the court's order refusing the request to permit the notes of testimony to be transcribed and sold to Mr. Bear.

The parties agree that the controlling statute provides:

The law judges of each of the several courts of oyer and terminer and general jail delivery, and of the courts of quarter sessions of the peace, shall employ the official stenographer or stenographers of the courts of common pleas of the particular county, to report the proceedings of

the said court, whenever requested so to do by any defendant or defendants, or his, her or their counsel, before or during the trial of any case in any of said courts: Provided, further, That in all cases tried in the several courts of oyer and terminer and general jail delivery, if the request or requests for a copy of the notes of testimony are made within ninety (90) days from date of verdict, or at any time if in the discretion of the court such request should be granted, the defendant or defendants shall be furnished with a copy of the notes of testimony taken at his, her or their request, which said notes shall be paid for by the county in which said case is tried, except, however, that where the court finds that the defendant or defendants making the request are able to pay for the copies, the cost thereof shall be paid by such defendant or defendants and shall be taxed as costs and paid to the county.

Act of May 1, 1907, P.L. 135 § 2, as amended, 17 P.S. § 1802, repealed Act of April 28, 1978, § 2(A) P.L. 202, No. 53, repeal effective June 27, 1980.

The trial court denied the application for the reason that appellant, having been acquitted of all criminal charges was no longer a *defendant* within the meaning of the statute. We cannot agree with so narrow an interpretation. Technically one who has been convicted is no longer a defendant in a criminal case either, and although the statute does not call for a showing of reason to obtain a transcript, an acquitted defendant may well have legitimate reasons for wanting a transcript of testimony after his trial. The request was made within ninety days of the verdict which by the terms of the Act provides for mandatory compliance with the request for a copy of the notes of testimony, even where the defendant is unable to pay for the transcript. We note, moreover, that here appellant is willing to pay for the notes.

The trial court refused to order a release of the transcript on the additional grounds that the court reporters were too busy with other work and that appellant was being represented improperly by the public defender in his petition for the notes of testimony. We think that both of these reasons

are administrative in nature and may not be used to defeat a clear right which the statute provides. Nor do we agree that the applicant must give his reasons for wanting the transcript when, as here, the request is made within ninety days of the date of the verdict.

We agree with the reasoning of the Court in *Commonwealth v. Bishop*, Pa., 76 D&C 302 (1951) which answered a similar contention:

It is not required, as suggested by respondents, that petitioner allege any irregularities in the proceeding as a prerequisite to securing the copy. The purpose of having a copy of the testimony furnished to petitioner is to enable him to ascertain if there has been any irregularity. * * Nor does the fact that the time for appeal has elapsed deprive defendant of his right to a copy of the testimony. The statute does not so limit it and defendant may desire the copy to determine whether he has any rights, other than appeal, which might be ascerted.

We conclude that the trial court erred in refusing to permit appellant to have a copy of the notes of testimony taken at his trial.

Order reversed.