427 A.2d 1378

**COMMONWEALTH of Pennsylvania**

v.

**Robert L. SMITH, Appellant.**

Superior Court of Pennsylvania.

Submitted June 13, 1980.

Filed April 3, 1981.

Willis W. Berry, Jr., Philadelphia, for appellant.

Eric B. Henson, Assistant District Attorney, Philadelphia, for Commonwealth, appellee.

Before BROSKY, HOFFMAN and CIRILLO,* JJ.

BROSKY, Judge:

Appellant was convicted of robbery, possession of instruments of a crime and conspiracy. Post-trial motions alleged that certain questions asked veniremen at voir dire were improper. Smith requested the trial notes of testimony and record of jury voir dire. He was granted the former but denied the latter. On May 26, 1978, after trial, appellant filed an application of supersedeas and writ of prohibition or mandamus with the Superior Court requesting we order the notes of voir dire transcribed. We denied that request. Appellant was sentenced to ten (10) to twenty (20) years for robbery and other lesser concurrent periods of imprisonment on the other charges. Appellant appeals from the denial of the notes of voir dire. We agree with the appellant and reverse the trial court's decision.

Our Supreme Court stated in *Commonwealth v. Kahley,* 467 Pa. 272, 356 A.2d 745 (1976).

> Additionally, he contends the Court improperly refused defense counsel permission to ask certain questions on voir dire. In fact, a reading of this portion of the record indicates that most of these questions had already been

---

* Judge Vincent A. Cirillo of the Court of Common Pleas of Montgomery County, is sitting by designation.

covered by the Court and those which were excluded were not the proper subject of voir dire examination.

"It is well-settled that '[t]he examination of jurors under voir dire is solely for the purpose of securing a competent, fair, impartial and unprejudiced jury.... Neither counsel for the defendant nor for the Commonwealth should be permitted to ... ask direct or hypothetical questions designed to disclose what a juror's present impression or opinion may be or what his attitude or decision will likely be under certain facts which may be developed in the trial of the case. While considerable latitude should be permitted on a voir dire, *the inquiry should be strictly confined to disclosing qualifications of a juror and whether a juror has formed a fixed opinion or may be otherwise subject to disqualifications for cause.' Commonwealth v. McGrew*, 375 Pa. 518, 525, 100 A.2d 467, 470 (1953) (emphasis added). *See, Commonwealth v. Biebighauser*, 450 Pa. 336, 346, 300 A.2d 70, 75 (1973); *Commonwealth v. Hoss*, 445 Pa. 98, 107, 283 A.2d 58, 63, 64 (1971); *Commonwealth v. Lopinson*, 427 Pa. 284, 297–98, 234 A.2d 552, 560–61 (1967). The scope of voir dire examination rests in the sound discretion of the trial judge, *see, e. g., Commonwealth v. Biebighauser, supra; Commonwealth v. Lopinson, supra*, and we are satisfied that the record before us fails to demonstrate any abuse of that discretion." *Commonwealth v. Johnson*, 452 Pa. 130, 134–135, 305 A.2d 5, 7 (1973).

Id., 467 Pa. at 289, 356 A.2d at 754.

The Supreme Court has also declared:

It is undisputed that a defendant's right to a meaningful appeal requires he be provided with a copy of a transcript or other equivalent picture of the proceedings below. *Commonwealth v. Goldsmith*, 452 Pa. 22, 304 A.2d 478 (1973); *Commonwealth v. DeSimone*, 447 Pa. 380, 290 A.2d 93 (1972). Moreover, it is the responsibility of the state to see that the transcript is made available to appellant so that he may effectively pursue his appeal

rights. *Commonwealth v. Goldsmith, supra* 452 Pa. at 29, 304 A.2d 478.

*Commonwealth v. Morgan,* 469 Pa. 35, 364 A.2d 891 (1976); *Griffin v. Illinois,* 351 U.S. 12, 76 S.Ct. 585, 100 L.Ed. 891 (1956).

The trial court reacted to appellant's request for a transcript by saying with regard to question to jurors:

You should have written them down.

And:

I'm not going to waste the taxpayers money it isn't necessary.

A record of the voir dire was taken. Therefore, the appellant in no way prevented their transcription. *Commonwealth v. Paterick,* 242 Pa.Super. 569, 361 A.2d 715 (1976). A meaningful review is not possible without the notes of testimony of a voir dire and appellant cannot reasonably reconstruct the voir dire. *Commonwealth v. Goldsmith,* 452 Pa. 22, 304 A.2d 478 (1973).

A transcript must be provided the appellant. He cannot be denied it on the basis of his indigency. *Griffin,* supra. Clearly it is necessary because appellant cannot construct an argument on appeal nor can we reasonably review his argument without a complete record. Appellant's Post-Trial Motion # 10 states:

Jury selection was unfair; the defendant was not allowed to ask jurors proper questions and certain challenges for cause should have been granted.

Smith should not have reasonably been expected to be more specific, to do so would have required his possession of a voir dire transcript.

Accordingly, the judgment is remanded for preparation and provision of the transcript of the voir dire and the disposition of the appellant's post-trial motion number ten (10) nunc pro tunc. Either party aggrieved by the trial court's disposition may bring a new appeal to this court as provided by law.