482 A.2d 1322

**COMMONWEALTH of Pennsylvania**

v.

**Francis X. BALLEM, Appellant.**

Superior Court of Pennsylvania.

Submitted June 8, 1984.

Filed Oct. 12, 1984.

Petition for Allowance of Appeal Denied Feb. 21, 1985.

Francis X. Ballem, in propria persona.

John A. Reilly, District Attorney, Media, for Commonwealth, appellee.

Before TAMILIA, JOHNSON and HESTER, JJ.

HESTER, Judge:

This is an appeal from the order of the Court of Common Pleas of Delaware County entered on June 21, 1982, denying appellant's petition for notes of testimony for all prior

proceedings. Appellant argues that the trial court abused its discretion in refusing to grant his petition. We disagree and affirm.

Appellant has been incarcerated for the last 30 years following his conviction of murder in the first degree. On April 29, 1954, appellant and the victim had been drinking heavily in appellant's home, when appellant shot and killed him. In an attempt to dispose of the body, appellant first poured lye on the face and hands, then burned it, and ultimately dismembered it. Parts of the body were hidden in a suitcase in appellant's attic, other pieces discarded in a nearby stream.

Appellant was eventually arrested and charged with murder. Subsequent to a pronouncement of appellant's fit mental condition, he was tried by jury. On January 27, 1955, he was found guilty of murder in the first degree.

On February 4, 1955, motions for a new trial and in arrest of judgment were filed. Notes of trial testimony were filed February 28, 1955. Post-trial motions were denied on December 13, 1955. On December 30, 1955, the court imposed the death sentence, which was affirmed on appeal to the Pennsylvania Supreme Court. *Commonwealth v. Ballem*, 386 Pa. 20, 123 A.2d 728 (1956), *cert. denied Ballem v. Pennsylvania*, 352 U.S. 932, 77 S.Ct. 235, 1 L.Ed.2d 167 (1956). The Pennsylvania Supreme Court affirmed on March 17, 1958 the lower court's denial of appellant's petition to be committed to a mental institution. *Commonwealth v. Ballem*, 391 Pa. 626, 139 A.2d 534 (1958).

On May 25, 1983, appellant filed a petition requesting production of the notes of testimony of all previous proceedings, including copies of docket entries, information, indictments, and pre-trial motions. This petition was denied on June 21, 1983, and appellant thereafter filed this appeal.

 It is well-established that constitutional due process and equal protection require that a criminal defendant be afforded copies of his trial transcripts in order to effectively prosecute an appeal. *Griffin v. Illinois*, 351 U.S. 12, 76 S.Ct. 585, 100 L.Ed. 891 (1956). Our Supreme Court has

long upheld this procedural right and has attributed to the state the responsibility of providing a defendant with copies of the necessary proceedings so that appellate rights might be actively pursued.[1] *See Commonwealth v. Goldsmith,* 452 Pa. 22, 304 A.2d 478 (1973); *Commonwealth v. DeSimone,* 447 Pa. 380, 290 A.2d 93 (1972); *Commonwealth v. Smith,* 285 Pa.Super. 460, 427 A.2d 1378 (1981).

This right was formerly embodied within the Act of May, 1907, P.L. 135 as amended, 17 P.S. § 1802. Pursuant to this statute, in all cases tried before the courts of oyer and terminer and general jail delivery, the defendant was entitled to a copy of the notes of testimony if the same was requested within 90 days from the date of verdict. *Commonwealth v. Bear,* 283 Pa.Super. 174, 423 A.2d 1045 (1980). After the 90-day period, the request was granted at the discretion of the court.

This statute was repealed on April 28, 1978, P.L. 202 effective June 27, 1980, pursuant to the Judiciary Act Repealer Act (JARA). Since then, no general rules have been prescribed to replace the repealed statute. In order to provide for this contingency, the legislature established that the practice and procedure under the repealed statute continues in full force and effect as part of the common law of the Commonwealth until the time that general rules are promulgated. 42 Pa.C.S.A. § 20003(b); *Commonwealth v. Kelly,* 319 Pa.Super. 204, 209, 465 A.2d 1301, 1303–1304 (1983).

In the instant case, since no new rules have been prescribed regulating appellant's request, we will review the lower court's decision in light of the standards enunciated by § 1802.

In those instances where an application under § 1802 is untimely and invokes the discretion of the court, the petitioner must allege some basis which would justify its exercise. *See Commonwealth v. ex rel. Haines V. Banmiller,* 393 Pa. 439, 143 A.2d 661 (1958) (petition denied

---

**1.** This right has been extended to post-conviction proceedings as well. *Commonwealth v. Richardson,* 213 Pa.Super. 726, 244 A.2d 794 (1968); *Commonwealth v. Lawson,* 213 Pa.Super. 718, 244 A.2d 793 (1968).

where issues sought to be raised did not require production of requested documents); *Commonwealth v. Smith,* 285 Pa.Super. 460, 427 A.2d 1378 (1981) (petition granted when record was necessary in order to effectively pursue meritorious claims.)

■ Herein, appellant attempts to raise several arguments of ineffective assistance of counsel, and in fact, asserts the need for these documents in order to pursue relief under the Post Conviction Hearing Act.[2] However, no such action is currently pending. Consequently, the lower court, confronted only with the instant petition, was in no position to assess appellant's claims to determine whether they constituted compelling reasons warranting a grant of his petition. In such a case, and until a proceeding to question the record is commenced, we find no abuse of the lower court's discretion in denying appellant's request.[3]

Order affirmed.

---

2. 19 Pa.S.A. § 1180–1 et seq; reenacted in Pa.R.Crim.P. 1501 et seq.

3. In *U.S. ex rel. Hansler v. Pennsylvania,* 294 F.Supp. 542 (ED.Pa 1968), an indigent prisoner petitioned for writ of habeas corpus and mandamus after the Pennsylvania Courts refused his request for copies of all relevant documents. The Federal Court ruled there was no need to furnish free transcripts merely for "perusal or curiosity" in the absence of a pending appeal or post-conviction proceeding. To do so would severely tax the judicial system by encouraging such petitions from those with little better to do than second-guess their day in court.