J-S33028-15

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| RICKY CHHEA, | : | |
| | : | |
| Appellant | : | No. 2043 EDA 2014 |

Appeal from the PCRA Order June 13, 2014,
Court of Common Pleas, Philadelphia County,
Criminal Division at No. CP-51-CR-0012794-2008

BEFORE: FORD ELLIOTT, P.J.E., DONOHUE and LAZARUS, JJ.

MEMORANDUM BY DONOHUE, J.: **FILED JUNE 23, 2015**

Ricky Chhea ("Chhea") appeals pro se from the June 13, 2014 order entered by the Philadelphia County Court of Common Pleas dismissing his petition filed pursuant to the Post Conviction Relief Act, 42 Pa.C.S.A. §§ 9541-9546, ("PCRA") without a hearing. Upon review, we affirm.

When deciding Chhea's direct appeal, we summarized the factual history of this case as follows:

> On July 27, 2008 the decedent, Ratseiey Yun, [Chhea] and [Chhea]'s co-defendant, Sophana Sovann were neighbors in the 1800 block of South 15th Street in Philadelphia, PA. The circumstances leading to the shooting death of Yun center around bad blood resulting from Sovann's departure from the neighborhood gang, the TRGs, of which Sovann and Yun were members.
>
> Sovann's departure from the TRGs in 2007 angered Yun. Thereafter, according to Sovann's defense, Yun embarked on a course of harassment

against him and his family in an effort to force Sovann back into the TRGs. In retaliation, on the day of the shooting, Sovann, along with [Chhea] obtained guns from Gregorio Chambers, aka, "Bayah." A fourth individual, Johnny Un, assisted the trio by luring the decedent to the location where [Chhea] and his cohorts were waiting to shoot him. A total of sixteen (16) shots were fired mortally wounding the decedent in the chest, stomach, and torso.

[Chhea] was subsequently arrested and charged with third-degree murder, criminal conspiracy, and numerous violations of the Uniform Firearms Act (UFA). On January 5, 2010, [Chhea] proceeded to a jury trial alongside his co-defendant Sophana Sovann. Following trial, the jury found [Chhea] guilty of [third-degree murder, criminal conspiracy, and possession of a firearm by a minor] on January 14, 2010 and sentencing was deferred pending the preparation of a pre-sentence investigation report. … [T]he trial court sentenced [Chhea] to an aggregate term of 26 to 52 years' imprisonment on March 26, 2010.

***Commonwealth v. Chhea***, 1319 EDA 2010, 1-2 (Pa. Super. Sept. 14, 2011) (unpublished memorandum) (internal citations, formatting, and footnotes omitted).

Chhea filed a timely direct appeal and this Court affirmed his judgment of sentence on September 14, 2011. The Pennsylvania Supreme Court denied his request for allowance of appeal on March 29, 2012. Chhea filed a timely pro se PCRA petition on September 17, 2012. Therein, Chhea raised boilerplate claims without specifying any actual error and requested "[the] right to amend the PCRA petition upon the granting of [his] motion for

transcripts and discovery." Pro Se PCRA Petition, 9/17/12, ¶¶ 6, 12. He included the same request in the memorandum of law filed in conjunction with his PCRA petition, which otherwise included only hornbook law concerning the right to relief under the PCRA and did not raise any specific substantive claims.

The PCRA court appointed counsel. As discussed later in this decision, appointed counsel filed a detailed no-merit letter pursuant to *Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988), and *Commonwealth v. Finley*, 550 A.2d 213 (Pa. Super. 1988) (en banc). On April 29, 2014, the PCRA court filed notice of its intention to dismiss Chhea's PCRA petition without a hearing pursuant to Pa.R.Crim.P. 907.

On May 8, 2014, Chhea filed an objection to the PCRA court's Rule 907 notice and PCRA counsel's *Turner/Finley* no-merit letter. He concomitantly filed a motion seeking the notes of testimony from his trial and "legal materials," which Chhea defined as discovery from his trial and documents relating to his direct appeal in possession of his trial counsel and/or PCRA counsel. Motions Related to PCRA Petition, 5/8/14, at 2. Chhea appended to the motion/objection a series of letters that he had written to trial counsel, PCRA counsel and the PCRA court judge, requesting this information dating back to October 24, 2011, with the final letter, addressed to the attention of the PCRA court, dated February 23, 2014. Nowhere in any of these materials did Chhea make any substantive argument regarding his

entitlement to PCRA relief, stating only that he required the requested documents to discern if he is in fact entitled to relief. On June 17, 2014, the PCRA court dismissed Chhea's PCRA petition without a hearing and granted PCRA counsel's motion to withdraw.

Chhea filed a timely pro se notice of appeal and complied with the PCRA court's order for the filing a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). On appeal, Chhea raises the following issues for our review:

1. The PCRA court abused its discretion as the appeal before the court is incomplete due to the denial of the "right to appeal" under Article V, § 9, of the Pa.[] Constitution, where Chhea is unable to amend said PCRA petition without the very same documents, "legal materials[,]" that are in his counsel(s) [sic] possession. A fact thoroughly convey[ed] to [the PCRA] court by [Chhea] in his first objection[.]

2. The PCRA court abused its discretion when it denied said motion(s) for discovery; previous appeals; and notes of testimony; "legal materials", [sic] to amend said PCRA petition, challenging his PCRA counsel's "limited scope of review" and/or at minimum make a[n] informed choice whether to continue with his appeal. Again, this fact was clearly expressed to the PCRA court in the first objection[.]

3. The PCRA court abused its discretion when it denied said incomplete PCRA petition prematurely, when it became fully aware that Chhea could not amend said petition without the very documents, "legal materials": discovery; previous appeals; and notes of testimony, any movant would have to exact an appeal. Which [sic] is in direct contradiction to a counseled litigant's ability to exercise the "right to

> appeal" with the aforementioned items Chhea has requested[.]
>
> 4. The PCRA court denied Chhea due process[] where the circumstances involving the amending of the incomplete PCRA petition[] revolved around notification that [Chhea] could not rightfully cho[o]se to proceed pro se, where counsel(s), and the PCRA court, refuse[d] Chhea's request for ["]access to the courts["] through "legal materials" in possession of his counsel(s). The same "legal materials" both counsel(s) have had to draw their own conclusions as to Chhea's constitutional rights[.]

Chhea's Brief at 4.

Although separated into four claims, the issues raised by Chhea boil down to two arguments: (1) PCRA counsel did not conduct a review of the entire record, rendering his withdrawal from the case "premature," and (2) the PCRA court erred and abused its discretion by failing to grant his request that his prior counsel provide him with the notes of testimony and "legal materials." In its opinion authored pursuant to Pa.R.A.P. 1925(a), the PCRA court found that counsel's *Turner/Finley* no-merit letter was "thorough and exhaustive" and dismissed Chhea's PCRA petition based upon his failure "to set forth any act or omission of trial counsel that would form the basis for an ineffective assistance claim or any other allegation that entitles him to PCRA relief." PCRA Court Opinion, 8/28/14, at 4.

Our standard of review regarding an order denying a petition under the PCRA is whether the determination of the PCRA court is supported by the evidence of record and is free of legal error. *Commonwealth v. Davis*,

86 A.3d 883, 887 (Pa. Super. 2014). The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record. *Id.*

We begin by addressing Chhea's claim that the PCRA court prematurely permitted PCRA counsel to withdraw based upon PCRA counsel's failure to review the entire record. Pursuant to **Turner/Finley**, PCRA counsel must conduct an independent review of the record, addressing each of the issues the petitioner wishes to raise and explaining why these issues are meritless. **Commonwealth v. Freeland**, 106 A.3d 768, 774-75 (Pa. Super. 2014). The record reflects that PCRA counsel did just that. Chhea raised no issues of substance in his pro se PCRA petition regarding his entitlement to PCRA relief, and there is no indication in any of the correspondence between Chhea and PCRA counsel that Chhea suggested any issues that he wished to raise in his PCRA petition. Despite this, PCRA counsel addressed each of the boilerplate contentions raised in Chhea's pro se PCRA petition[1] and concluded that there is no record support for his

_____

[1] Chhea filed a form-based pro se PCRA petition, which allows a prisoner to check boxes indicating the reasons he or she believes relief is due. The bases included in the form mirror the provisions of 42 Pa.C.S.A. § 9543(a)(2), governing eligibility for relief under the PCRA. Here, Chhea checked the following boxes, stating he was eligible for relief because of:

> (I) A violation of the Constitution of this Commonwealth or the Constitution or laws of the United States which, in the circumstances of the particular case, so undermined the truth-determining process that no

claims. No-Merit Letter, 3/6/14, at 7. PCRA counsel further reviewed several issues that were included in Chhea's 1925(b) statement on direct appeal but not advanced before the Superior Court for decision, and despite Chhea's waiver of these issues for review in the PCRA context, addressed each claim and concluded that Chhea is not entitled to relief. *Id.* at 8-9. There is nothing in the record to support Chhea's claim that PCRA counsel's review of the record was deficient or truncated. As such, no relief is due.

Relying on precedent from our Supreme Court, Chhea further contends that to secure his right to "meaningful appellate review," the PCRA court was required to provide him with "a full transcript or other equivalent picture of the trial proceedings." Chhea's Brief at 9 (quoting *Commonwealth v. Shields*, 383 A.2d 844, 846 (Pa. 1978)). Our review of the record reveals

---

reliable adjudication of guilt or innocence could have taken place.

(II) Ineffective assistance of counsel which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place.

\* \* \*

(V) The unavailability at the time of trial of exculpatory evidence that has subsequently become available and would have changed the outcome of the trial if it had been introduced.

(VI) The imposition of a sentence greater than the lawful maximum.

Pro Se PCRA Petition, 9/17/12, ¶ 4.

that Chhea was not entitled to the requested documentation. **Shields** and its progeny address cases wherein proceedings or portions of proceedings were never transcribed and are not part of the certified record on appeal. **See, e.g., Shields**, 383 A.2d at 845 (stating that the recording of the Commonwealth's closing argument – which the defense alleges was prejudicial – was lost in the mail and never transcribed, leaving defense counsel without a record of the closing remarks for purposes of filing post-verdict motions and an appeal). The record reflects that PCRA counsel was in possession of the items Chhea desired and that PCRA counsel reviewed these items prior to filing his **Turner/Finley** no-merit letter. **See** No-Merit Letter, 3/6/14, at 1 (indicating that PCRA counsel reviewed Chhea's pro se PCRA petition and accompanying memorandum of law, all of the transcripts, the trial court's 1925(a) opinion on direct appeal, the Superior Court's September 14, 2011 memorandum decision, all of the docket entries "and other such documents"). Thus, although Chhea himself did not have the notes of testimony from trial, the defense was in possession of these materials.

Although Chhea is now representing himself on appeal, simply because he requested the notes of testimony does not mean he was necessarily entitled to them. In relation to the **Shields** decision, our Supreme Court has held that "[t]o be entitled to relief due to the incompleteness of the trial record the defendant must make **some potentially meritorious challenge**

- 8 -

which cannot be adequately reviewed due to the deficiency in the transcript." *Commonwealth v. Albrecht*, 720 A.2d 693, 701 (Pa. 1998) (emphasis added). We find analogous this Court's decision in *Commonwealth v. Ballem*, 482 A.2d 1322 (Pa. Super. 1984). In that case, Ballem, an indigent defendant proceeding pro se, filed a request before the trial court for copies of the notes of testimony from previous proceedings and other portions of the docket, which the trial court denied. *Id.* at 1323. On appeal to this Court, we recognized that the United States Supreme Court has held "that constitutional due process and equal protection require that a criminal defendant be afforded copies of his trial transcripts in order to effectively prosecute an appeal," *id.* (citing *Griffin v. Illinois,* 351 U.S. 12 (1956)), and that our Supreme Court has made it the trial court's responsibility to provide these documents to the pro se indigent defendant. *Id.* We concluded, however, that to be entitled to production of the documents requested, there must be an action pending before the lower court raising claims that "constitute[] compelling reasons warranting a grant of [the] petition." *Id.* at 1324. There was no action pending before the lower court at the time of Ballem's request for production of the notes of testimony and other record documents – Ballem only stated that he wished to raise claims of trial counsel's ineffectiveness in a petition for post conviction relief. *Id.* As such, this Court found no abuse of discretion in the lower court's denial of Ballem's request. *Id.*

In the case at bar, there was a petition for PCRA relief pending before the PCRA court at the time Chhea requested the notes of testimony and "legal materials." As in **Ballem**, however, there were no substantive claims pending before the court for its assessment – only bald, boilerplate statements that he satisfied the statutory requirements to be eligible for relief under the PCRA and that he desired the production of the requested documents to determine if there were specific arguments may entitle him to relief. **See supra**, n.1; 42 Pa.C.S.A. § 9543(a)(2).

The above law makes clear that we do not require the production of documents for a veritable fishing expedition. Chhea articulated no claim – let alone a potentially meritorious claim – constituting compelling reasons why the PCRA court should grant his request for the production of documents. **See Albrecht**, 720 A.2d at 701; **Ballem**, 482 A.2d at 1324. As such, we have no basis upon which to reverse the PCRA court's decision.

Order affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/23/2015