J. S55028/16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| RUBAN PICHIRILO | : | |
| Appellant | : | |
| | : | No. 3233 EDA 2015 |

Appeal from the Order October 1, 2015
In the Court of Common Pleas of Lehigh County
Criminal Division at No(s): CP-39-CR-0005626-2013

BEFORE: LAZARUS, J., DUBOW, J., and STEVENS, P.J.E.[*]

JUDGMENT ORDER BY DUBOW, J.:                                **FILED AUGUST 04, 2016**

Appellant, Ruban Pichirilo, has filed this *pro se* appeal from the October 1, 2015 Order entered in the Court of Common Pleas of Lehigh County denying his Motion for Sentencing Transcripts.  We affirm.

On July 16, 2014, Appellant entered a plea of guilty to one count of Aggravated Assault.[1]  On January 12, 2015, the trial court sentenced Appellant to six and a half to twenty years' incarceration.  Appellant did not file a Post-Sentence Motion or direct appeal.

---

[*] Former Justice specially assigned to the Superior Court.

[1] 18 Pa.C.S. § 2702(a)(1).

On September 28, 2015, Appellant filed a *pro se* Motion for Sentencing Transcripts. The trial court denied Appellant's Motion on October 1, 2015. This timely appeal followed.

In Appellant's sole issue on appeal, he claims that the trial court erred in denying his request for sentencing transcripts in order to pursue an appeal "thus interfering with [his] 1st Amendment to petition government for redress." Appellant's Brief at 2.

The trial court explained its decision to deny Appellant's Motion as follows:

> Constitutional due process and equal protection require that a criminal defendant be afforded copies of his trial transcripts in order to effectively proceed on appeal. **Griffin v. Illinois**, 351 U.S. 12[ ] (1956). A defendant is entitled to said transcripts if the same is requested **within ninety days from the date of verdict**. **Commonwealth v. Bear**, [ ]423 A.2d 1045 (1980) [emphasis added]. After the ninety-day period the request is granted at the discretion of the Court. **Commonwealth v. Ballem**, [ ]482 A.2d 1322 (1984). Where a request is untimely and invokes [the] discretion of the Court, the request must allege some basis, which would justify the exercise of the Court's discretion. **Id.** In the instant case, [Appellant] filed his request for transcripts on or about September 28, 2015. [Appellant's] request is untimely in as much as [Appellant] entered a plea of guilty on July 16, 2014 and was sentenced on January 12, 2015. Moreover, [Appellant's] request does not allege some basis that would demonstrate that a compelling reason exists for an exercise of our discretion and grant of [Appellant's] request for transcripts.

Trial Ct. Order, 10/1/15, at fn 1.

We agree with the trial court. Our review of the record indicates that Appellant's Motion for Sentencing Transcript was patently untimely, Appellant having filed it more than eight months after the date of the verdict. Appellant had no action pending at the time he filed it. Moreover, Appellant did not include in his Motion a discussion of any grounds for the trial court to, in its discretion, grant his Motion. Accordingly, we find no abuse of the trial court's discretion in denying Appellant's Motion for Sentencing Transcripts. ***See Commonwealth v. Crider***, 735 A.2d 730, 733 (Pa. Super. 1999) (holding a trial court is not required to grant a defendant's request for transcripts to pursue an appeal or PCRA relief where no such action is pending); ***Ballem***, ***supra*** at 1324.

Order affirmed. Jurisdiction relinquished.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/4/2016