J-S22021-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| LEANDRO ORTIZ-LUGO | |
| Appellant | No. 1225 MDA 2016 |

Appeal from the PCRA Order June 14, 2016
In the Court of Common Pleas of Adams County
Criminal Division at No(s): CP-01-CR-0000178-2003

BEFORE:  SHOGAN, J., MOULTON, J., and PLATT, J.[*]

MEMORANDUM BY MOULTON, J.:          **FILED SEPTEMBER 11, 2017**

Leandro Ortiz-Lugo appeals, *pro se*, from the June 14, 2016 order entered in the Adams County Court of Common Pleas dismissing as untimely his second petition filed under the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-46.  We affirm.

Ortiz-Lugo initially pled *nolo contendere* to first-degree murder on August 1, 2003, and the trial court sentenced him to life imprisonment. Following a PCRA petition alleging ineffective assistance of counsel, the trial court vacated Ortiz-Lugo's judgment of sentence on September 22, 2006. On October 10, 2008, a jury convicted Ortiz-Lugo of first-degree murder and

_____

[*] Retired Senior Judge assigned to the Superior Court.

possessing instruments of crime ("PIC").[1] That same day, the trial court sentenced Ortiz-Lugo to life imprisonment for the first-degree murder conviction and a consecutive 60 days to 5 years' incarceration for the PIC conviction. Ortiz-Lugo filed post-sentence motions, which the trial court denied. On October 30, 2009, this Court affirmed his judgment of sentence.[2] On July 29, 2010, Ortiz-Lugo petitioned for allowance of appeal, which the Pennsylvania Supreme Court denied.

On June 7, 2013, Ortiz-Lugo filed a motion seeking to withdraw counsel.[3] The trial court entered an order treating Ortiz-Lugo's motion as his first PCRA petition and appointing counsel. On September 24, 2013, the trial court dismissed Ortiz-Lugo's PCRA petition for "fail[ing] to set forth any basis for P.C.R.A. relief or any indication that the Petition was timely filed."[4] Order, 9/24/13.

_____

[1] 18 Pa.C.S. §§ 2502(a) and 907(a), respectively.

[2] The certified record does not reflect that appellate counsel requested either the trial or sentencing transcripts in this case. Ortiz-Lugo was represented by the same attorney during trial and on direct appeal.

[3] On April 29, 2013, Ortiz-Lugo filed an identical motion to withdraw counsel in which he claimed that: he had unsuccessfully attempted to contact his attorney, counsel was avoiding him, and counsel was not updating Ortiz-Lugo on his case. The trial court denied the motion as moot in light of the Supreme Court's denial of Ortiz-Lugo's petition for allowance of appeal.

[4] A review of the certified record shows that appointed counsel never filed an amended PCRA petition or a motion to withdraw as counsel pursuant to ***Commonwealth v. Turner***, 544 A.2d 927 (Pa. 1988), and
*(Footnote Continued Next Page)*

On November 4, 2015, Ortiz-Lugo requested *pro se* a copy of the docket entries in his case. On November 30, 2015, he also filed a motion with the PCRA court seeking a copy of the file in his case, including the trial and sentencing transcripts.[5] On January 5, 2016, the PCRA court denied Ortiz-Lugo's motion, stating that there was no litigation pending.

On January 14, 2016, Ortiz-Lugo filed a *pro se* PCRA petition, his second, alleging ineffectiveness both of direct appeal and PCRA counsel and requesting copies of transcripts. On February 23, 2016, the PCRA court sent Ortiz-Lugo notice of its intent to dismiss the petition, to which Ortiz-Lugo responded. On June 14, 2016, the PCRA court dismissed Ortiz-Lugo's petition as untimely without a hearing. Ortiz-Lugo timely appealed.[6]

On appeal, Ortiz-Lugo raises the following issues:

_(Footnote Continued)_ ─────────────────

**Commonwealth v. Finley**, 550 A.2d 213 (Pa.Super. 1988) (*en banc*). The record reflects that the trial court dismissed the petition without any inquiry into why counsel had taken no action.

[5] On December 2, 2015, the deputy clerk of courts notified Ortiz-Lugo that there was a $20.00 filing fee. On December 14, 2015, Ortiz-Lugo requested waiver of the filing fee because he did not have the funds to pay and had been granted *in forma pauperis* status several times over the past 12 years. On December 15, 2015, the deputy clerk of courts explained that Ortiz-Lugo had to pay the fee because he had not been granted *in forma pauperis* status since 2013. On January 7, 2016, Ortiz-Lugo filed a petition seeking *in forma pauperis* status, which the trial court denied as moot on January 21, 2016.

[6] On September 26, 2016, after Ortiz-Lugo filed his notice of appeal, he filed a "motion for order to direct the lower court to provide court records and transcripts." On October 13, 2016, this Court entered an order deferring disposition of Ortiz-Lugo's application for relief to this panel.

I.    The PCRA Court erred when it failed to grant [Ortiz-Lugo]'s request for court documents from the Clerk of Courts and for failing to provide him a copy of his transcripts from [Ortiz-Lugo]'s Trial and 10/10/08 Sentencing Proceedings.

II.   The PCRA Court erred when it ruled on [6/14]/16 that it lacks jurisdiction to entertain the PCRA Petition and that the record indicates that [Ortiz-Lugo]'s petition is not timely filed based on the discovery of unknown facts.

Ortiz-Lugo's Br. at 4.[7]

Our review of an order denying PCRA relief is limited to determining "whether the decision of the PCRA court is supported by the evidence of record and is free of legal error." *Commonwealth v. Melendez–Negron*, 123 A.3d 1087, 1090 (Pa.Super. 2015). We will not disturb the PCRA court's factual findings "unless there is no support for [those] findings in the certified record." *Id.*

It is well-settled that "the timeliness of a PCRA petition is a jurisdictional requisite." *Commonwealth v. Brown*, 111 A.3d 171, 175 (Pa.Super.), *app. denied*, 125 A.3d 1197 (Pa. 2015). A PCRA petition, "including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final." 42 Pa.C.S. § 9545(b)(1). A judgment is final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of

---

[7] We review Ortiz-Lugo's claims out of order for ease of disposition.

Pennsylvania, or at the expiration of time for seeking [such] review." 42 Pa.C.S. § 9545(b)(3).

This Court affirmed Ortiz-Lugo's judgment of sentence on October 30, 2009. On July 29, 2010, the Pennsylvania Supreme Court denied Ortiz-Lugo's petition for allowance of appeal. Ortiz-Lugo did not file a petition for writ of *certiorari* with the United States Supreme Court and, therefore, his judgment of sentence became final on October 27, 2010.[8] He had one year from that date, or until October 27, 2011, to file a timely PCRA petition. His current petition, filed on January 14, 2016, is therefore facially untimely.

Courts may consider a PCRA petition filed more than one year after a judgment of sentence became final only if the petitioner alleges and proves one of the following three statutory exceptions:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period

_____

[8] Ortiz-Lugo had 90 days from the date the Pennsylvania Supreme Court denied his petition for allowance of appeal to file a petition for writ of *certiorari* with the United States Supreme Court. **See** U.S. S. Ct. R. 13.

provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i)-(iii); **see Brown**, 111 A.3d at 175. In addition, when invoking an exception to the PCRA time bar, the petition must "be filed within 60 days of the date the claim could have been presented." 42 Pa.C.S. § 9545(b)(2).

Ortiz-Lugo attempts to raise the new-facts exception to the one-year time bar. He claims that this Court sent him a letter on November 5, 2015, notifying him that his direct appeal had been denied. He further claims it was "evident that no [appeal to the PCRA petition decision] was filed." Ortiz-Lugo's Br. at 19. Ortiz-Lugo argues that this constitutes abandonment by both trial and PCRA counsel. He contends that the November 5, 2015 letter is a new fact and that he filed his second PCRA petition within the 60 days of learning of this new fact. We disagree.

The PCRA court addressed Ortiz-Lugo's claims in its Pennsylvania Rule of Appellate Procedure 1925(a) opinion and concluded he had not exercised due diligence in discovering the alleged new fact. The PCRA court found that: (1) on May 1, 2013, Ortiz-Lugo was served with an April 26, 2013 order notifying him that his direct appeal rights had been exhausted; (2) on September 25, 2013, Ortiz-Lugo was served with the September 24, 2013 order denying his first PCRA petition, which stated "that court appointed counsel will not act on his behalf unless requested by [him] to do so"; (3) while Ortiz-Lugo claims he wrote to the trial court and his attorney to ascertain the status of his appeal, he does not identify when those actions

were taken; (4) the record reveals that Ortiz-Lugo's due diligence attempts did not begin until November 2015; (5) "he had knowledge of how to ascertain the status of pending litigation as he had previously done so," yet chose to do nothing; (6) "he was aware that he could seek counsel's removal in the event counsel was inattentive and that the Court would act upon his request as he had done so in the past"; and (7) "although claiming counsel was inattentive he sat silently for approximately 30 months." Opinion Pursuant to Pa.R.A.P. 1925(a), 9/16/16, at 8, 9 ("1925(a) Op."). We agree. Therefore, for the reasons set forth by the PCRA court, Ortiz-Lugo does not meet the new-facts exception.

Ortiz-Lugo also claims that the trial court erred in denying his motion requesting court documents, including trial and sentencing transcripts.[9] To the extent Ortiz-Lugo claims PCRA counsel's ineffectiveness for failing to order the transcripts, this claim is facially untimely and, as discussed above, Ortiz-Lugo fails to plead a viable exception to the PCRA time bar.

To the extent Ortiz-Lugo is appealing the order denying his request for transcripts, which was contained in his PCRA petition, the PCRA court found:

> [Ortiz-Lugo]'s claim that the Court erred in denying transcripts is not a basis for relief. [Ortiz-Lugo]'s first request for documents did not occur until well after the

---

[9] Insofar as Ortiz-Lugo argues that he did not receive docket entries in his case, this claim is belied by the record. **See** Ortiz-Lugo's Ltr., 11/4/15 (wherein Clerk of Courts notes that trial court docket sheets were sent to Ortiz-Lugo on November 4, 2015 at approximately 1:00 p.m.).

jurisdictional time limits had expired. Additionally, pursuant to his request, [Ortiz-Lugo] was actually provided docket transcripts.[5] The standard of review for an order denying a motion for production of documents is an abuse of discretion. ***See Commonwealth v. Ballem***, 482 A.2d 1322, 1324 (Pa.Super. 1984).[10] In ***Ballem***, an inmate without any current pending proceedings made a boilerplate request for notes of testimony, docket entries, pre-trial motions, and other information in order to pursue relief under the Post Conviction Hearing Act. The Court held that the trial court did not abuse its discretion as the merits of the request were unable to be determined based upon the petition and absent any pending proceedings. [***Id.***] Instantly, [Ortiz-Lugo] sought "the Clerk of Courts

---

[10] The ***Ballem*** Court explained that a criminal defendant had a "constitutional due process and equal protection" right "to be afforded copies of his trial transcripts" and that this right "extended to post-conviction proceedings as well." 482 A.2d at 1323, 1323 n.1. In that case, we noted:

> This right was formerly embodied within the Act of May, 1907, P.L. 135 as amended, 17 P.S. § 1802. Pursuant to this statute, . . . the defendant was entitled to a copy of the notes of testimony if the same was requested within 90 days from the date of verdict. ***Commonwealth v. Bear***, . . . 423 A.2d 1045 ([Pa.Super.] 1980). After the 90-day period, the request was granted at the discretion of the court.

> This statute was repealed on April 28, 1978, P.L. 202 effective June 27, 1980, pursuant to the Judiciary Act Repealer Act (JARA). Since then, no general rules have been prescribed to replace the repealed statute. In order to provide for this contingency, the legislature established that the practice and procedure under the repealed statute continues in full force and effect as part of the common law of the Commonwealth until the time that general rules are promulgated. 42 Pa.C.S.A. § 20003(b); ***Commonwealth v. Kelly***, . . . 465 A.2d 1301, 1303-1304 ([Pa.Super.] 1983).

***Id.***

- 8 -

to provide defendant with a copy of its file, and the transcripts from the trial, and sentencing in this case." As noted, the Clerk of Courts had previously provided [Ortiz-Lugo] with the full docket information. His various pleadings in this matter do not set forth what claims he intends to pursue, how the documents are necessary in order to pursue such claims, or any other basis to determine whether there was a compelling reason to grant the request. Accordingly, pursuant to **Ballem**, this issue is meritless.[6]

[5] **See** notation by the Clerk of Courts on November 4, 2015 correspondence filed of record.

[6] [Ortiz-Lugo]'s November 30, 2015 request for transcripts pre-dated the filing of the current P.C.R.A. Petition. Production of trial transcripts and sentencing proceedings are completely unrelated to [Ortiz-Lugo]'s current claim of ineffectiveness based upon abandonment on appeal or the application of any exception to the statutory time requirements. Information relevant to those claims is contained in the docket entries, a copy of which [Ortiz-Lugo] has been previously provided.

1925(a) Op. at 10-11. We agree with the sound reasoning of the PCRA court, which did not abuse its discretion in denying Ortiz-Lugo's request for transcripts.

Order affirmed.[11]

_____

[11] For the reasons stated above, Ortiz-Lugo's September 26, 2016 "motion for order to direct the lower court to provide court records and transcripts" is hereby denied.

- 9 -

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 9/11/2017