J-S25037-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| SHAQUEL RANSOME | : | |
| | : | |
| Appellant | : | No. 1385 EDA 2020 |

Appeal from the Order May 13, 2020
In the Court of Common Pleas of Lehigh County Criminal Division at
No(s): CP-39-CR-0000121-2016

BEFORE: BENDER, P.J.E., McLAUGHLIN, J., and PELLEGRINI, J.[*]

MEMORANDUM BY PELLEGRINI, J.:                    Filed: September 23, 2021

Shaquel Ransome (Ransome) appeals from the order entered in the Court of Common Pleas of Lehigh County (trial court) denying his *pro se* "Motion Pursuant Manifest Error" requesting copies of his trial transcripts to support potential claims he may bring pursuant to the Post-Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546. Counsel for Ransome has filed an advocate's brief in this Court. We affirm the order of the trial court.[1]

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] Counsel has not filed a ***Turner***/***Finley*** no merit letter or substantially complied with procedures for withdrawal applicable during post-conviction proceedings. Therefore, on September 11, 2020, we denied counsel's petition to withdraw without prejudice for him to file such petition in the trial court. ***See Commonwealth v. Turner***, 544 A.2d 927 (Pa. 1988); ***Commonwealth v. Finley***, 550 A.2d 213 (Pa. Super. 1988). We note that we share counsel's

*(Footnote Continued Next Page)*

**I.**

The relevant facts and procedural history of this case are as follows. On August 17, 2016, a jury found Ransome guilty of one count of aggravated assault.[2] The trial court sentenced him to a term of eight to sixteen years' incarceration on October 6, 2016. Ransome did not file a direct appeal.[3]

In October 2017, Ransome filed a timely counseled PCRA petition. He elected to withdraw the petition after the PCRA court conducted a colloquy at a November 3, 2017 hearing. The court entered an order withdrawing the petition without prejudice on that same date. Ransome then filed two *pro se* requests for transcripts in January and February 2020, which the trial court denied.

On April 26, 2020, Ransome filed the instant *pro se* "Motion Pursuant Manifest Error," again seeking trial transcripts. In the motion, Ransome averred that the trial court violated his constitutional due process and equal protection rights in contravention of ***Griffin v. Illinois***, 351 U.S. 12 (1956)

---

concern that Ransome has made *pro se* filings ruled on by the trial court despite his representation by counsel. ***See Commonwealth v. Williams***, 241 A.3d 354 n.1 (Pa. Super. 2020) (Hybrid representation is not permitted and trial courts should generally not act on *pro se* filings from a defendant who is represented by counsel.); ***see also*** Pa.R.Crim.P. 576(A)(4).

[2] 18 Pa.C.S. § 2702(a)(1).

[3] Ransome's judgment of sentence became final in November 2016. ***See*** 42 Pa.C.S. § 9545(b)(3); Pa.R.A.P. 903(a).

by failing to provide him copies of the transcripts. At the time he filed this motion, Ransome had no matters pending before the court. The trial court denied the motion on May 13, 2020. This timely appeal followed.[4]

## II.

On appeal, Ransome claims the trial court erred in denying his request for trial transcripts so that he can "review them for error or ineffectiveness of counsel or other proper grounds for collateral relief." (Ransome's Brief, at 13). Ransome contends the court violated his due process and equal protection rights under the United States Constitution by denying the motion.[5]

Constitutional due process and equal protection require that a criminal defendant be afforded copies of his trial transcripts in order to effectively proceed on appeal. *See Griffin*, *supra* at 19. However, this right has limitations and as the Commonwealth notes, Ransome's claim is controlled by this Court's holding in *Ballem*, *supra*. (*See* Commonwealth's Brief, at 3). Like the appellant in that case, Ransome maintains that the requested documents are necessary in order for him to pursue relief in post-conviction

---

[4] This appeal is timely pursuant to the prisoner mailbox rule. *See* Pa.R.A.P. 121(f). The trial court did not order Ransome to file a Rule 1925(b) statement, nor did it file an opinion. *See* Pa.R.A.P. 1925(a),(b).

[5] The standard of review for an order denying a motion for production of documents is an abuse of discretion. *See Commonwealth v. Ballem*, 482 A.2d 1322, 1324 (Pa. Super. 1984).

proceedings. This Court determined that despite the asserted necessity for the documents for preparation of a post-conviction motion,

> no such action is currently pending. Consequently, the lower court, confronted only with the instant petition, was in no position to assess appellant's claims to determine whether they constituted compelling reasons warranting a grant of his petition. In such a case, and until a proceeding to question the record is commenced, we find no abuse of the lower court's discretion in denying appellant's request.

***Ballem***, ***supra*** at 1324.

Instantly, Ransome filed his motion for transcripts on April 26, 2020, well after his judgment of sentence became final in November 2016. Ransome's filing does not identify any specific basis for relief that would demonstrate a compelling reason warranting the grant of his request and he had no action pending at the time he filed it. In the absence of a pending PCRA proceeding, the trial court was in no position to "assess [Ransome's] claims to determine whether they constituted compelling reasons warranting a grant of his petition." ***Id.*** at 1324; ***see also Commonwealth v. Martin***, 705 A.2d 1337, 1338 (Pa. Super. 1998) (affirming trial court's denial of defendant's request for documents for preparation of post-conviction petition where no matters were pending in the court in accordance with ***Ballem***). Accordingly, we find no abuse of discretion in the trial court's denial of Ransome's motion.

Order affirmed.

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>9/23/21</u>