**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| TRACY STEELE SMITH | : | |
| | : | |
| Appellant | : | No. 1239 WDA 2024 |

Appeal from the Order Entered September 24, 2024
In the Court of Common Pleas of Erie County
Criminal Division at No(s):  CP-25-CR-0003293-2005

BEFORE:  PANELLA, P.J.E., LANE, J., and BENDER, P.J.E.

MEMORANDUM BY PANELLA, P.J.E.:  **FILED: February 14, 2025**

Tracy Steele Smith appeals from the order entered in the Erie County Court of Common Pleas on September 24, 2024, dismissing his motion to compel the release of notes of testimony, attorney's client files, and all other related documents.[1] For the reasons discussed below, we find the trial court properly denied Smith's motion and affirm.

In 2007, Smith was convicted of first-degree murder and abuse of corpse and sentenced to life imprisonment plus one to two years, for the 2005

---

[1] Notably, a copy of Smith's motion does not appear in the certified record and the motion itself does not appear on the docket. Generally, it is an appellant's responsibility to ensure the record certified on appeal is complete. ***See Commonwealth v. Preston***, 904 A.2d 1, 7 (Pa. Super. 2006). However, as the existence of this motion appears uncontested, to the degree we can address Smith's appeal without it, we do not find its absence impedes our review.

murder of his paramour. This Court affirmed his judgment of sentence on direct appeal. *See Commonwealth v. Smith*, 935 A.2d 22 (Pa. Super. 2007) (unpublished memorandum). Smith did not seek review by our Supreme Court. Smith's first PCRA petition resulted in no relief. *See Commonwealth v. Smith*, 972 A.2d 562 (Pa. Super. 2009) (unpublished memorandum).

On August 1, 2017, Smith filed a second PCRA petition. After issuing notice of its intent to dismiss the petition pursuant to Pa.R.Crim.P. 907, the PCRA court dismissed the petition as untimely. This Court affirmed the dismissal on appeal. *See Commonwealth v. Smith*, 1634 EDA 2017 (Pa. Super., filed October 16, 2018) (unpublished memorandum). The Supreme Court of Pennsylvania denied allowance of appeal.

On January 9, 2023, Smith filed a writ of *audita querela*[2] and a motion for discovery and production of documents. On January 19, 2023, the trial

---

[2]*Audita querela* is defined as "[a] writ available to a judgment debtor who seeks a rehearing of a matter on grounds of newly discovered evidence or newly existing legal defenses." BLACK'S LAW DICTIONARY 150 (9th ed. 2009). *Audita querela* is Latin for "the complaint having been heard". This writ "permits a defendant who has had a judgment rendered against him to seek relief from the consequences of such a judgment where there is some new evidence not previously available and carrying out the judgment would be contrary to justice." *Ettelman v. Com., Dept. of Transp., Bureau of Driver Licensing*, 92 A.3d 1259, 1263 (Pa. Cmwlth. Ct. 2014).

> While it appears that the writ of *audita querela* has not been abolished in the Commonwealth, our Supreme Court has held that [w]herever audita querela would have been available at common law, as a general rule, relief may now be obtained on motion, ...

*(Footnote Continued Next Page)*

court denied the motion for discovery and production of documents. On the same day, the PCRA court, concluding Smith's claims in the writ were duplicative of past claims he raised pursuant to the PCRA, correctly treated the writ as a PCRA petition[3] subject to the PCRA's timeliness provisions. *See Commonwealth v. Johnson*, 803 A.2d 1291, 1293 (Pa. Super. 2002) ("[T]he PCRA provides the sole means for obtaining collateral review, and … any petition filed after the judgment of sentence becomes final will be treated as a PCRA petition") (citation omitted). On that basis, the PCRA court determined Smith's petition was untimely and otherwise without merit. After issuing a Rule 907 notice, the PCRA court denied the petition. Smith filed an appeal; however, his appeal was subsequently dismissed for Smith's failure to file a docketing statement in violation of Pa.R.A.P. 3517.

From January to May 2024, while no other matter was pending before the trial court, Smith filed numerous *pro se* requests for documents, records, and transcripts from his case. On September 24, 2024, the trial court entered an order denying the above-referenced motion to compel filed by Smith, on the grounds that Smith had no matters pending before the court at that time. Smith filed the instant timely notice of appeal to this Court.

_____

[and] ordinarily the better practice is to proceed by way of motion upon notice to the adverse party.

*Id.* (citation, footnote, and internal quotation marks omitted).

[3] Smith did not challenge the treatment of his writ as a PCRA petition.

- 3 -

"It is well-established that constitutional due process and equal protection require that a criminal defendant be afforded copies of his trial transcripts in order to effectively prosecute an appeal." *Commonwealth v. Ballem*, 482 A.2d 1322, 1323 (Pa. Super. 1984) (citing *Griffin v. Illinois*, 351 U.S. 12 (1956)). However, this right has limitations, and such a claim is controlled by our holding in *Ballem*.

In *Ballem*, an inmate with no pending proceedings requested "production of the notes of testimony of all previous proceedings, including copies of docket entries, information, indictments, and pre-trial motions" in order to "pursue relief under the Post Conviction Hearing Act." *Id.* at 1323–24. The inmate's petition did not identify any actual claims which he intended to pursue. *See id.* at 1324. This Court held the trial court did not abuse its discretion by denying the inmate's request because the court could not assess the inmate's claims based only on the petition and absent any pending proceedings. *See id.; see also Commonwealth v. Martin*, 705 A.2d 1337, 1338 (Pa. Super. 1998).

On appeal, Smith concedes the controlling precedent applied by the trial court applies at least partially to his motion; i.e. relating to the production of transcripts and other related documents. However, Smith argues the same controlling precedent does not apply to his former attorneys' production of his client files. Specifically, Smith argues his former attorneys' refusal to produce

his client files, and the court's denial to compel production of these files, violated his Constitutional Due Process rights.

We are unable to determine if Smith set forth any basis for requesting his attorneys' case files in his original motion as the motion does not appear in the record. However, in a subsequent response to a rule to show cause issued by this Court, Smith conceded "[t]his matter has no bearing on [Smith]'s conviction and sentence and does not make any challenge to his conviction and sentence, which has long since been final." ***Id.*** In the same response, Smith confusingly compared his case to ***Ballem***, and ***Commonwealth v. Crider***, 735 A.2d 730 (Pa. Super. 1999). Notably, in both of those cases this Court concluded that the trial court properly denied production of documents in circumstances where no current action was pending, such as the circumstances here.

Further, while Smith attempts to differentiate his attorney client files from notes of testimony and other related documents, he does not actually provide us with any reasoning for why they should be treated differently under the circumstances presented. The trial court is only required to provide a criminal defendant with documentation related to his case in order to ensure his right to challenge his case. ***See Ballem***, 482 A.2d at 1323. Outside of this requirement, we can think of no reason, and Smith has certainly not provided us with any reason, why the court should be required to compel the disclosure

of any documentation just because a criminal defendant decides they want it at any given time.

Smith merely cites to decades old federal case law for the proposition that the contents of an attorney's client's file belong to the client. While this may be the case, the trial court simply has no jurisdiction to compel those files without a current matter pending before it. In the absence of a pending PCRA proceeding or appeal, the trial court would have no jurisdiction over the attorneys in this case.[4]

In the absence of a pending PCRA proceeding or appeal, the trial court "was in no position to assess [Smith]'s claims to determine whether they constituted compelling reasons warranting a grant of his petition." **Ballem**, 482 A.2d at 1324. Therefore, we hold the trial court did not abuse its discretion by denying Smith's request and affirm.

Order affirmed.

---

[4] We note, Smith was found guilty almost two decades ago. Due to the existence of record retention limits under our rules of professional conduct, the Court is unsure whether the trial attorneys from this case continue to have access to these files.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

2/14/2025