**COMMONWEALTH of Pennsylvania,**
**Appellee**

v.

**Joseph Anthony MARTIN, Appellant.**

Superior Court of Pennsylvania.

Submitted Jan. 5, 1998.

Filed Feb. 4, 1998.

Joseph A. Martin, Pro Se, appellant.

Julianne W. Foltz, Asst. Dist. Atty., Erie, for the Com., appellee.

Before TAMILIA, JOAN ORIE MELVIN and BROSKY, JJ.

TAMILIA, Judge:

Appellant entered a guilty plea on July 5, 1996 to multiple counts of robbery,[1] receiving stolen property,[2] theft by unlawful taking or disposition[3] and loitering and prowling at night time.[4] No direct appeal of the August 27, 1996 judgment of sentence of sixty-six (66) to two hundred forty (240) months' imprisonment was filed. On March 27, 1997, appellant filed pro se motions "for leave to proceed in forma pauperis status" and "for production of transcripts, documents, other revelant [sic] records in the above-captioned case matter(s)". Those motions were denied on April 1, 1997 due to the fact that, at the time he filed those motions, appellant had no matters pending before the court. Appellant takes this appeal from that Order, arguing the denial of his requests constituted violations of several rules of procedure and various constitutional rights.

The resolution of this appeal is governed by this Court's holding in *Commonwealth v. Ballem*, 334 Pa.Super. 255, 482 A.2d 1322 (1984). Like the appellant in that case, the instant appellant asserts that the requested documents are necessary in order for him to pursue relief in post-conviction proceedings. As such, the reasoning that was affirmed in *Ballem* applies directly to this matter. That is, despite the validity of the asserted necessity of the documents for a Post Conviction Relief Act[5] motion,

no such action is currently pending. Consequently, the lower court, confronted only with the instant petition, was in no position to assess appellant's claims to determine whether they constituted compelling reasons warranting a grant of his petition. In such a case, and until a proceeding to question the record is commenced, we find no abuse of the lower court's discretion in denying appellant's request.[3]

---

[3]. In *U.S. ex rel. Hansler v. Pennsylvania*, 294 F.Supp. 542 (E.D.Pa.1968), an indigent prisoner petitioned for writ of habeas corpus and mandamus after the Pennsylvania Courts refused his request for copies of all relevant documents. The Federal Court ruled there was no need to furnish free transcripts merely for "perusal or curiosity" in the absence of a pending appeal or post-conviction proceeding. To do so would severely tax the judicial system by encouraging such petitions from those with little better to do than second-guess their day in court.

*Id.* at 259, 482 A.2d at 1324. In accordance with *Ballem*, we affirm.

Order affirmed.