IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| Lancaster County Court of Common Pleas of the Commonwealth of Pennsylvania | : : : : | |
| v. | : : | |
| Mr. Anthony Tyrone Davis, Appellant | : : | No. 828 C.D. 2015 Submitted: September 4, 2015 |

BEFORE:   HONORABLE BERNARD L. McGINLEY, Judge
             HONORABLE PATRICIA A. McCULLOUGH, Judge
             HONORABLE JAMES GARDNER COLINS, Senior Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE McGINLEY                              FILED:  December 15, 2015

Before this Court is the August 14, 2014, appeal of Anthony Tyrone Davis (Appellant).   Appellant appealed to the Pennsylvania Superior Court (Superior Court) from the August 5, 2014 order entered by the Court of Common Pleas of Lancaster County (Lancaster County Court), that dismissed Appellant's *pro se* filings, which the Lancaster County Court treated as petitions brought pursuant to the Post Conviction Relief Act[1] (PCRA).

Background

On September 23, 1994, a jury convicted Appellant of rape, aggravated indecent assault, and tampering with evidence in Lancaster County.  On November 8, 1994, the Lancaster County Court sentenced Appellant to an aggregate term of six (6) to twenty (20) years' imprisonment.  The Lancaster County Court also gave Appellant credit for three hundred ninety-six (396) days for time served.  Appellant timely filed post-sentence motions on November 15,

---

[1] 42 Pa.C.S. §§ 9541-9546.

1994, which the Lancaster County Court denied on December 5, 1994. Appellant did not appeal.

On March 8, 2002, while incarcerated at the State Correctional Institution (SCI)-Dallas in Luzerne County, Pennsylvania, Appellant assaulted several prison employees. On May 3, 2004, a Luzerne County jury convicted Appellant of three (3) counts of aggravated assault. Appellant immediately proceeded to sentencing. The Court of Common Pleas of Luzerne County (Luzerne County Court) imposed an aggregate sentence of one hundred thirty-five (135) to two hundred seventy (270) months' imprisonment, to run consecutive to Appellant's Lancaster County Sentence. After the Superior Court affirmed the Luzerne County Court judgment of sentence on May 27, 2005, Appellant did not seek review.

Years later, in March 2014, Appellant sent two *pro se* filings to the Lancaster County Court. The filings, styled as a "Motion To Compel Action" and "Motion For Order", asserted that the Department continued to incarcerate Appellant on his Lancaster County Sentence even though the maximum term of that sentence had expired. Appellant sought his immediate discharge and requested the Lancaster County Court to order the Department to remove his Lancaster County Sentence from Appellant's "status-sheet summary reports, and that [the Lancaster County Sentence] be closed out, and removed from the files and case docket." Appellant's Post-Motion to Compel Action, dated March 2, 2014, at 1.

The Lancaster County Court treated the *pro se* filings as PCRA petitions. On March 21, 2014, the Lancaster County Court issued notice of its

2

intent to dismiss the petitions without a hearing, pursuant to Pennsylvania Rule of Criminal Procedure 907.[2]  Appellant responded with additional *pro se* filings, including a petition for a *writ of habeas corpus*, arguing he was being illegally detained on the Lancaster County Sentence.

On August 5, 2014, the Lancaster County Court held that the *pro se* filings were untimely filed and held that the Lancaster County Court lacked jurisdiction; denied his requests for appointment of counsel; and denied his request for receipt of his trial transcripts at no cost.  Order filed August 5, 2014, at 1.  Appellant appealed that August 5, 2014, order to our Pennsylvania Superior Court.

On appeal, this matter was transferred to this Court from the Superior Court, which raised, *sua sponte*, the issue of jurisdiction.

The Superior Court found that Appellant's claims did not challenge the validity of his convictions or the legality of his sentence.  Rather, it held that "Appellant challenged the [Department of Correction's (Department's)] ability to continue to incarcerate him on [his] sentence [at Lancaster County Sentence No. 128 of 1994 (Lancaster County Sentence)]".  Commonwealth of Pennsylvania v. Anthony Tyrone Davis, Pa. Super., No. 1404 MDA 2014, filed April 9, 2015, at 5, slip opinion at 5.

Appellant's brief on appeal to the Superior Court, and now, this Court, asserts that the Lancaster County Sentence automatically aggregated with his

---

[2] Pennsylvania Rule of Criminal Procedure 907 provides in pertinent part:

> (2)  A petition for post-conviction collateral relief may be granted without a hearing when the petition and answer show that there is no genuine issue concerning any material fact and that the defendant is entitled to relief as a matter of law.

Luzerne County Sentence at No. 1594 of 2002 (Luzerne County Sentence), because the Luzerne County Court of Common Pleas (Luzerne County Court) ordered the sentences for the Lancaster County Sentence and the Luzerne County Sentence to run consecutively. See 42 Pa.C.S. §9757 ("whenever the court determines that a sentence should be served consecutively to one...previously imposed, the court shall indicate the minimum sentence to be served for the total of all offenses with respect to which sentence is imposed").

However, "if an alleged sentencing error is thought to be the result of an erroneous computation of sentence by the [Department], the appropriate recourse would be an original action in the Commonwealth Court challenging the [Department]'s computation." Commonwealth v. Hollawell, 604 A.2d 723, 725 (Pa. Super. 1992) (emphasis omitted). Further, "the proper method by which a prisoner could challenge the [Department's] aggregation of his sentences [is] through a mandamus action." Gillespie v. Commonwealth, Department of Corrections, 527 A.2d 1061, 1064 (Pa. Cmwlth. 1987), appeal denied, 540 A.2d 535 (Pa. 1988).

Consequently, the Superior Court found that Appellant effectively challenged the Department's authority to aggregate his Lancaster County Sentence and his Luzerne County Sentence and that the Superior Court did not have jurisdiction to entertain Appellant's claim.

That's when, on appeal, the Superior Court held that Appellant timely filed his *pro se* notice of appeal on August 14, 2014, but found that the Superior Court lacked jurisdiction to hear the appeal and transferred the matter to this

Court.[3]  This Court determined that two (2) issues remain:  whether Appellant's sentences were properly aggregated and whether the Lancaster County Court properly ruled that Appellant was not entitled to his trial transcripts at no cost.

Aggregation of Sentences

Under Section 9757 of the Sentencing Code, "[w]henever the court determines that a sentence should be served consecutively to one being then imposed by the court, or to one previously imposed, the court shall indicate the minimum sentence to be served for the total of all offenses with respect to which sentence is imposed".  42 Pa.C.S. §9757.  "[O]nce the sentencing court imposes a consecutive sentence, aggregation with other consecutive sentences is automatic and mandatory under 42 Pa.C.S. §9757."  Gillespie, 527 A.2d at 1065.  When challenging the aggregation of a sentence, "[t]he proper method by which a prisoner could challenge the aggregation of his sentences [is] through a mandamus action" in the original jurisdiction of [the Commonwealth] Court.    Forbes v. Pennsylvania Department of Corrections, 931 A.2d 88 (Pa. Cmwlth. 2007) (quoting Gillespie, 587 A.2d at 1064).

Upon examination of Appellant's sentences and pursuant to Section 9757 of the Sentencing Code, 42 Pa.C.S. §9757, when Appellant pled guilty in Luzerne County, his Luzerne County Sentence was aggregated with his Lancaster County Sentence.  The sentencing records clearly denote that Appellant received an *aggregate* term of 135 months to 270 months for the three (3) counts of aggravated assault committed in Luzerne County to be served consecutively with

---

[3] By its opinion and order of April 9, 2015, the Superior Court found that Appellant was effectively challenging the Department's authority to aggregate his Lancaster County Sentence and Luzerne County Sentence and consequently, that the Superior Court did not have jurisdiction to entertain the appeal.  The Superior Court found that jurisdiction for a challenge to the aggregation of a sentence properly lies in this Court's original jurisdiction.  Commonwealth v. Hollawell, 604 A.2d 723 (Pa. Super. 1992).

the Lancaster County Sentence. Lancaster County Court Opinion Sur Appeal, filed September 25, 2014, at 2.

Upon review, it is clear that Appellant has not served his full aggregate sentence. Absent any allegations by Appellant with regard to this issue beyond his unsubstantiated assertion that he "has done his '[t]ime' for [his Lancaster County Sentence]"[4], statute and the courts have spoken. Aggregation of Appellant's consecutive sentences is "automatic and mandatory." See 42 Pa.C.S. §9757.

### Entitlement To Trial Transcripts At No Cost

Appellant next asserts that he is entitled to a copy of his "official court report/sentencing transcripts." Appellant's Brief, at 8. On April 7, 2014, Appellant filed a "Motion for Transcription and Production of Notes of Testimony" with the Lancaster County Court. On April 10, 2014, Appellant filed a self-styled "Motion in Presumptive Inquiry" with the Lancaster County Court wherein he again asked for a copy of his original sentencing order and transcripts. Per order dated April 16, 2014, Appellant was provided with a copy of his sentencing transcript and sentencing Order. Thereafter, by order dated April 23, 2014, the court denied Appellant's Motion in Presumptive Inquiry, and noted that a copy of his sentencing transcript and sentencing order were already provided to Appellant.[5]

---

[4] Appellant's Brief at 4. See also, Appellant's Brief at 6-8.

[5] The Lancaster County Court's order of April 23, 2014 provides in pertinent part: "AND NOW, this 23rd day of April, 2014, upon consideration of [Appellant's] notion in presumptive inquiry, the Court concludes that this document is incomprehensible except for a copy of his sentencing transcript and sentencing order *which was provided per order dated April 16, 2014*…." (Emphasis added.)

6

Our judicial system has held that while an appellant is entitled to purchase copies of transcripts, he is not entitled to them at public expense unless he demonstrates that such transcripts are necessary for use in a specific legal proceeding. Commonwealth v. Martin, 705 A.2d 1337, 1338 (Pa. Super. 1998); Commonwealth v. Ballem, 482 A.2d 1322 (Pa. Super. 1984).

Further, "[a]lthough the courts may liberally construe materials filed by a *pro se* litigant, *pro se* status confers no special benefit upon a litigant, and a court cannot be expected to become a litigant's counsel *or find more in a written pro se submission than is fairly conveyed in the pleading*." Commonwealth v. Blakeney, 108 A.3d 739, 766 (Pa. 2014). (Emphasis added.)

However, this Court has also reviewed a prisoner's prolific court filings challenging his incarceration on a multitude of unwarranted circumstances and determined when such filings are "frivolous and abusive *pro se* lawsuits". Brown v. Pennsylvania Department of Corrections, 58 A.3d 118, 121 (Pa. Cmwlth. 2012). (Brown filed well over twenty *pro se* matters in which he had asserted a myriad of challenges, including a challenge to the conditions in which he was housed and/or the medical treatment he received for various alleged ailments. The matters were filed in various Courts of Common Pleas, Commonwealth Court, and in the Federal Courts throughout the country. With few exceptions, these matters have been dismissed as being frivolous, without merit, or for not demonstrating that Brown was in imminent danger of serious bodily injury).

Even in light of our Superior Court's holdings that an appellant is not entitled to his transcripts at public expense unless he demonstrates that such transcripts are necessary for use in a specific legal proceeding, and despite the Lancaster County Court's best efforts to discern a demonstrable need by Appellant

7

for transcripts and sentencing orders from Appellant's myriad of "incomprehensible" filings, the Lancaster County Court nevertheless provided Appellant with a copy of his original sentencing order and transcripts out of an abundance of caution in light of the numerous filings by this *pro se* litigant.[6]

The courts of this Commonwealth have already taken a *very* liberal view of Appellant's filings and provided him with his sentencing orders and transcripts.  Consequently, absent any demonstrable proof of additional legal proceedings by Appellant, this Court finds Appellant's continued motions and requests for sentencing orders and transcripts at public expense unfounded and border on frivolous and abusive *pro se* filings.  See Brown.

Accordingly, this Court affirms.

_____
BERNARD L. McGINLEY, Judge

---

[6] This Court notes that Appellant requested his sentencing orders and transcripts by way of six (6) different filings over the course of a four (4) month period of time: "Motion for Transcription and Production of Notes of Testimony" dated April 7, 2014; "Motion in Presumptive Inquiry" dated April 10, 2014; "Motion and Request of Trial Transcripts and Notes of testimony (Testimony), copy of file, and information, or dismissal of entire case" dated June 21, 2014; "Motion for Investigation" dated July 1, 2014; "Motion for County writ of Mandamus and Notice of Appeal (to lower court)" dated July 2, 2014; and in a letter to the Lancaster County Court dated August 8, 2014.

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Lancaster County Court of        :
Common Pleas of the Commonwealth    :
of Pennsylvania                     :
                                       :
             v.                     :
                                         :
Mr. Anthony Tyrone Davis,        :     No. 828 C.D. 2015
                  Appellant         :

# **O R D E R**

AND NOW, this 15th day of December, 2015, the Order of the Court of Common Pleas of Lancaster County in the above-captioned matter is affirmed.

 

_____
BERNARD L. McGINLEY, Judge