J-S50041-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| LARRY E. FUTRELL | |
| Appellant | No. 2021 MDA 2015 |

Appeal from the Order Entered October 8, 2015
In the Court of Common Pleas of Dauphin County
Criminal Division at No(s): CP-22-CR-0000615-1997

BEFORE:  MUNDY, J., STABILE, J., and FITZGERALD, J.[*]

JUDGMENT ORDER BY MUNDY, J.:                    **FILED JULY 12, 2016**

Appellant, Larry E. Futrell, appeals *pro se* from the October 8, 2015 order dismissing his motion for transcripts and discovery.  After careful review, we affirm.

Briefly, a jury found Appellant guilty in 1997 of one count each of rape, involuntary deviate sexual intercourse, aggravated indecent assault, indecent assault, statutory sexual assault, and corruption of minors.[1] Appellant filed a notice of appeal, but this Court quashed his appeal as untimely filed.  Superior Court Order, 974 Harrisburg 1998, 9/2/98, at 1. Appellant subsequently filed Post Conviction Relief Act (PCRA) petitions, 42

---

[*] Former Justice specially assigned to the Superior Court.

[1] 18 Pa.C.S.A. §§ 3121, 3123, 3125, 3126, 3122.1 and 6301, respectively.

Pa.C.S.A. §§ 9541-9546, in 1998, 2003, and 2011, none of which garnered any relief from his convictions. On April 30, July 6, and August 20, 2015, Appellant filed various *pro se* petitions seeking transcripts and discovery. The trial court denied all of the petitions on October 8, 2015. On November 5, 2015, Appellant filed a timely notice of appeal.

On appeal, Appellant argues that the trial court erred in denying his petitions for transcripts and discovery documents. Appellants Brief at 9-12. However, Appellant concedes that he does not have any PCRA petition pending. *Id.* at 10. This Court has held that "a court is not required to comply with a defendant's request for transcripts in order to pursue relief in a PCRA proceeding where no such action is pending." *Commonwealth v. Crider*, 735, A.2d 730, 733 (Pa. Super. 1999) (citation omitted). This Court has applied the same principle to discovery documents. *Commonwealth v. Martin*, 705 A.2d 1337, 1338 (Pa. Super. 1998). As Appellant acknowledges that he does not have a PCRA petition pending, the trial court was not "required to comply with [his] requests[.]" *Crider*, *supra*. Although Appellant argues that this violates his constitutional rights to equal protection and due process, this Court long ago rejected these arguments. *Commonwealth v. Ballem*, 482 A.2d 1322, 1323-1324 (Pa. Super. 1984).

Based on the foregoing, we conclude the trial court correctly dismissed Appellants petitions for transcripts and discovery. Accordingly, the trial court's October 8, 2015 order is affirmed.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/12/2016