J-S21020-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JEROME STECK | : | |
| | : | |
| Appellant | : | No. 1248 WDA 2017 |

Appeal from the PCRA Order July 13, 2017
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s): CP-02-CR-0015583-2014

BEFORE: OLSON, J., MURRAY, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY MURRAY,J.:                          **FILED MAY 30, 2018**

Jerome Steck (Appellant) appeals *pro se* from the order denying his first petition filed pursuant to the Post Conviction Relief Act[1] (PCRA). We vacate the order and remand; we also deny Appellant's application to file a reply brief.

In 2014, Appellant was charged with a multitude of sex offenses, including two counts each of involuntary deviate sexual intercourse (IDSI) with a person less than 16 years of age and IDSI with a child.[2] Pertinently, the criminal complaint averred that Appellant abused one victim over the course of one year beginning around 2009, and he abused the other victim on

---

[1] 42 Pa.C.S.A. §§ 9541-9546.

[2] 18 Pa.C.S.A. § 3123(a)(7), (b).

one occasion in August 2012. At the time of the offenses, Megan's Law III was in effect, and a person convicted of IDSI was subject to lifetime registration as a sexual offender. *See* 42 Pa.C.S.A. § 9795.1(b)(2) (expired).[3]

Appellant's case proceeded to a jury trial on September 23, 2015. On the second day of trial, Appellant agreed to enter a guilty plea. On the same day, the trial court imposed a sentence pursuant to the parties' plea agreement of 4 to 10 years of imprisonment on one count of IDSI with a person less than 16, and a concurrent term of 4 to 10 years on one count of IDSI with a child. The court did not find that Appellant was a sexually violent predator, but due to his conviction of IDSI with a person less than 16 years of age, ordered him to comply with lifetime registration under SORNA. *See* 42 Pa.C.S.A. §§ 9799.14(d)(4) (IDSI is a Tier III sexual offense), 9799.15(a)(3) (an individual convicted of a Tier III sexual offense shall register for life). Appellant did not file a post-sentence motion or direct appeal.

On August 15, 2016, Appellant filed a *pro se* timely PCRA petition. The PCRA court appointed counsel, who filed an amended PCRA petition seeking reinstatement of Appellant's right to file a post-sentence motion and/or direct

---

[3] Megan's Law III expired on December 20, 2012, when it was replaced by the Sexual Offender Registration and Notification Act (SORNA), 42 Pa.C.S.A. §§ 9799.10-9799.41. The following year, Megan's Law III was invalidated by our Supreme Court's decision in *Commonwealth v. Neiman*, 84 A.3d 603 (Pa. 2013) (Act 152 of 2004, which included Megan's Law III, violated the single subject rule of Art. III, § 3 of the Pennsylvania Constitution). Under the predecessor statute, Megan's Law II, a conviction of IDSI likewise carried lifetime sex offender registration. *See* 42 Pa.C.S.A. § 9795.1(b)(2) (expired).

appeal *nunc pro tunc*. On March 23, 2017, the PCRA court conducted a hearing and denied Appellant's requested relief, but permitted him to file an amended PCRA petition. PCRA counsel then filed a motion to withdraw from representation, concluding that Appellant's proposed claims of ineffectiveness of plea counsel had no merit. On June 8, 2017, the PCRA court permitted counsel to withdraw and provided Appellant with 30 days to communicate how he wished to proceed. The court's order stated that a failure to respond within this time period would result in dismissal of Appellant's petition. Having received no response, the PCRA court denied Appellant's PCRA petition on July 13, 2017. Six days later, on July 19, 2017, our Supreme Court issued its decision in **Commonwealth v. Muniz**, 164 A.3d 1189 (Pa. 2017) (holding that SORNA registration is punitive in nature and retroactive application of SORNA violates the *ex post facto* clause).

Appellant filed a *pro se* notice of appeal on July 31, 2017. He also filed a motion, docketed on August 2, 2017, seeking leave to amend his PCRA petition, as well as reconsideration. The PCRA court did not rule on the motion but ordered Appellant to file a Pa.R.A.P. 1925(b) statement of matters complained of on appeal, and Appellant complied.[4]

Appellant presents the following issues for our review:

---

[4] The PCRA court stated that it did not receive a copy of Appellant's motion for reconsideration, and in any case could not have ruled on it because it was filed after the notice of appeal. PCRA Court Opinion, 10/17/17, at 3. However, we note that Pa.R.A.P. 1701 prescribes the circumstances under which a court may grant reconsideration after an appeal has been taken.

[1.] Do[ ] statutory provisions of SORNA . . . arise to be facially unconstitutional, entitling [Appellant], and those similarly situated to have the current illegal sentence vacated?

[2.] Do[ ] terms of SORNA violate due process and equal protection clauses of the federal and state Constitutions, resulting in an illegal sentence, which entitles [Appellant], and those similarly situated to have the current illegal sentence vacated?

[3.] Do[ ] terms of SORNA violate Double Jeopardy clauses of the federal and state Constitutions, resulting in an illegal sentence, which entitles [Appellant], and those similarly situated to have the current illegal sentence vacated?

Appellant's Brief at 2.

Our standard of review of the denial of a PCRA petition is limited to examining whether the record supports the court's determination and whether the court's decision is free of legal error. *Commonwealth v. Ford*, 947 A.2d 1251 (Pa. Super. 2008), *appeal denied*, 959 A.2d 319 (Pa. 2008). This Court grants great deference to the findings of the PCRA court if the record contains support for those findings. *Commonwealth v. Boyd*, 923 A.2d 513 (Pa. Super. 2007), *appeal denied*, 932 A.2d 74 (Pa. 2007).

Instantly, the argument section of Appellant's brief is lengthy, but generally unclear, rambling and disjointed.[5] Throughout his brief, however,

---

[5] "[A]lthough this Court is willing to construe liberally materials filed by a *pro se* litigant, *pro se* status generally confers no special benefit upon an appellant[, and] a *pro se* litigant must comply with the procedural rules set forth in the Pennsylvania Rules of the Court." *Commonwealth v. Lyons*,

Appellant repeatedly references our Supreme Court's decision *Muniz*. Thus, we, like the Commonwealth, discern Appellant's claim to be that he is serving an illegal sentence under *Muniz*. Commonwealth Brief at 7-11. *See also Commonwealth v. Rivera–Figueroa*, 174 A.3d 674, 678 (Pa. Super. 2017) ("*Muniz* created a substantive rule that retroactively applies in the collateral context."). Because Appellant's PCRA petition was timely filed, this Court has jurisdiction to hear a proper challenge to the legality of his sentence. *See Commonwealth v. Berry*, 877 A.2d 479, 482 (Pa. Super. 2005), *appeal denied*, 917 A.2d 844 (Pa. 2007).

Although the trial court did not find Appellant to be a sexually violent predator (SVP), it convicted him of IDSI and sentenced him under SORNA. 42 Pa.C.S.A. § 9799.14(d)(4); 9799.15(a)(3). The initial Order of Sentence and the Corrected – Order of Sentence, are both dated September 24, 2015, and both include the following language:

The following conditions are imposed:

Megan's Law Registration – Tier 3 – Lifetime Registration: **SORNA registration required for lifetime.**

833 A.2d 245, 251-52 (Pa. Super. 2003). We remind Appellant that generally, "[t]he argument shall be divided into as many parts as there are questions to be argued," and that briefs "shall conform in all material respects with the requirements of" our Rules of Appellate Procedure. *See* Pa.R.A.P. 2101, 2119(a).

Orders, 9/24/15 (emphasis added).[6]

On appeal, Appellant does not discuss the dates of his offenses vis-à-vis the effective date of SORNA, nor does he articulate an argument that he was impermissibly subjected to greater punishment under SORNA *ex post facto*. Nonetheless, our review of the record reveals that Appellant committed his crimes (in 2009 and August of 2012) prior to the effective date of SORNA on December 20, 2012. Thus, consonant with **Muniz**, it appears that he was improperly sentenced under SORNA.

Instantly, the PCRA court misapprehended the application of SORNA to Appellant's case. The PCRA court stated:

> This [c]ourt's review of the procedural history of this case reveals that **Muniz** is simply inapplicable. SORNA was enacted on December 20, 2012. [Appellant] was not convicted until September 24, 2015 and was therefore always subject to its

_____

[6] We note with disappointment that no transcripts, including the transcript from sentencing and the PCRA hearing, are in the certified record. Our finding is confirmed by the docket entry filed on October 18, 2017 stating, "No transcripts have been ordered on for this case." Yet, on June 28, 2016, Appellant filed a motion for transcripts. Although Appellant did not file his PCRA petition until August 15, 2016, one month after he filed his motion requesting transcripts, on September 14, 2016, the PCRA court filed an order denying Appellant's motion. That order incorrectly reads:

> AND NOW, to-wit, this 14 day of September 2016, the defendant's Motion for Court Related Documents, dated June 23, 2016, is DENIED.

> Petitioner is not entitled to notes of testimony or Court records since he has not filed a Post-Conviction Act Petition, nor is an appeal pending. See **Commonwealth v. Ballem**, 482 A.2d 1322 (Pa. Super. 1984) and **Commonwealth v. Martin**, 705 A.2d 1337 (Pa. Super. 1998).

registration provisions. Thus, the **Muniz** case, which concerns only the *retroactive* application of the SORNA registration provisions, does not apply. Insofar as [Appellant] was appropriately made subject to the SORNA lifetime registration requirement, his sentence is not illegal and this [c]ourt did not err in failing to reverse his registration requirement *sua sponte*. This claim is also meritless.

PCRA Court Opinion, 10/17/17, at 5 (italics in original).

Contrary to the statement by the PCRA court, Mr. Muniz challenged the application of SORNA based not on his conviction, but "when the registrable **offense occurred prior to the imposition of SORNA.***" **See Commonwealth v. McCullough**, 174 A.3d 1094, 1095 (Pa. Super. 2017) (*en banc*) (emphasis added). Appellant committed IDSI in 2009 and August of 2012 when Megan's Law III applied and would require lifetime registration. SORNA became effective on December 20, 2012, prior to Appellant's plea and sentence, but after he committed his crimes. SORNA also subjects Appellant to lifetime registration. **Compare** 42 Pa.C.S.A. § 9795.1(b)(2) (expired) **with** 42 Pa.C.S.A. § 9799.14(d)(4) and § 9799.15(a)(3). We recognize that SORNA does not affect the **length** of Appellant's lifetime registration obligation. However, SORNA does increase Appellant's obligations pertaining to in-person reporting and dissemination of personal information. Therefore, the application of the enhanced registration requirements are contrary to our Supreme Court's holding in **Muniz**.

The Commonwealth acknowledges that under **Muniz**, SORNA cannot apply retroactively to Appellant without violating the *ex post facto* clause

because Appellant committed his offenses before SORNA was enacted. However, the Commonwealth cites Act 10 of 2018, which was signed into law just after Appellant filed his appellate brief. *See* H.B. 631, 202 Gen. Assembly, Reg. Sess. (Pa. 2018) *effective immediately*. Act 10 provides in pertinent part:

> [42 Pa.C.S.A.] § 9799.55. Registration
>
> *    *    *
>
> **(b) Lifetime Registration.—**The following individuals shall be subject to lifetime registration:
>
> *    *    *
>
> (2)  Individuals convicted:
>
> (i) (A) In this Commonwealth of the following offenses, if **committed on or after April 22, 1996, but before December 20, 2012**:
>
> *    *    *
>
> 18 Pa.C.S.[A.] § 3123 (relating to involuntary deviate sexual intercourse)[.]

42 Pa.C.S.A. § 9799.55(b)(2)(i)(A) (emphasis added). The Commonwealth concludes that although Appellant should not be subject to registration under SORNA, he is nevertheless subject to lifetime registration under Act 10.

Significantly, however, the Commonwealth concedes that Appellant is subject to enhanced registration requirements for Tier III offenses and that the "additional, more stringent registration requirements constitute a greater punishment than what would have been imposed under the law in effect at

the time the crimes were committed, in particular, Megan's Law II, and Megan's Law III." Commonwealth Brief at 9-10. Accordingly, we are not persuaded by the Commonwealth's reliance on Act 10 of 2018 (providing that lifetime registration applies to individuals convicted of IDSI if the offenses were committed after April 22, 1996, but before December 20, 2012). On April 26, 2018, our Supreme Court issued a decision where the appellant sought relief under contract principles from an increased registration period under SORNA. The Supreme Court found that the appellant was not entitled to relief; however, the opinion authored by Chief Justice Saylor contains the following footnote:

> It is also worth noting that, although relief may be foreclosed under contract principles, it is not foreclosed under other theories. *See, e.g.*, *Commonwealth v. Muniz*, ___ Pa. ___, 164 A.3d 1189 (2017) (holding that application of SORNA's longer registration periods relative to convictions which occurred in the pre-SORNA timeframe can give rise to an ex post facto violation).

*Konyk v. Pennsylvania State Police*, --- A.3d ----, 2018 WL ____, at *12 n.9 (Pa. Apr. 26, 2018).

Given the clear import of *Muniz*, we are compelled to reverse the order of the PCRA court and remand the case to the PCRA court. Upon remand, as this remains Appellant's first petition for PCRA relief, the PCRA court **shall** appoint counsel as required by Pa.R.Crim.P. 904(C); also, Appellant shall be afforded the opportunity to amend his petition to include a *Muniz* claim and otherwise pursue relief with the PCRA court.

Finally, we consider Appellant's pending application to file a reply brief.

Appellant seeks additional time and leave to file a reply brief in order to address Act 10, noting that at the time of his application, the prison library had not yet acquired a copy. While an appellant may file a brief in reply to matters raised by the appellee pursuant to Pa.R.A.P. 2113(a), such filing is not warranted given our reversal of the PCRA court. Therefore, we deny Appellant's application to file a reply brief.

Order reversed. Case remanded with instructions and proceedings consistent with this memorandum. Appellant's application to file a reply brief is denied. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/30/2018