J-S11012-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
                                   :          PENNSYLVANIA
                                   :

          v.                            :
                                   :

OMAR POWELL                    :
                                   :
           Appellant          :     No. 1749 EDA 2018

Appeal from the Order May 29, 2018
In the Court of Common Pleas of Lehigh County Criminal Division at
No(s): CP-39-CR-0002378-2006

BEFORE: SHOGAN, J., MURRAY, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY SHOGAN, J.:                   **FILED JULY 1, 2019**

Appellant, Omar Powell, appeals the May 29, 2018 order denying his request for transcripts. We affirm.

The trial court summarized the factual and procedural history of this case in its opinion pursuant to Pa.R.A.P. 1925(a), as follows:

> [Appellant] has filed this appeal from the denial of his pro se "Request for Transcripts." It is alleged that [Appellant] was "deprived...of his right to an effective appeal," and "deprived...of a meaningful review of the record requested..." as a result of the court denying his motion.[1] These claims are unfounded.
>
>     [1] See Concise Statement.
>
> [Appellant] was found guilty by jury of Murder of the First Degree on March 29, 2007. This conviction resulted from the murder of Christine Kennedy, which occurred on March 10, 1997. Thereafter, [Appellant] was sentenced to life imprisonment on April 17, 2007. Since that date, [Appellant] has had his Murder of the First Degree conviction examined by the Superior Court at least six (6) times, and he has not been entitled to any relief.[2] Currently, no matters are pending with this [c]ourt.

[2] Commonwealth v. Omar Powell, 2285 EDA 2007 (Pa.Super. July 14, 2008); Commonwealth v. Omar Powell, 2083 EDA 2010 (Pa.Super. August 22, 2011); Commonwealth v. Omar Powell, 3199 EDA 2012 (Pa.Super. June 19, 2013); Commonwealth v. Omar Powell, 1317 EDA 2014 (Pa.Super. December 1, 2014); Commonwealth v. Omar Powell, 1364 EDA 2017 (Pa. Super. February 12, 2018); Commonwealth v. Omar Powell, 1799 EDA 2017 (Pa. Super. February 22, 2018).

Previously, counsel was appointed to represent [Appellant] both at trial and in Post Conviction Relief Act (hereinafter PCRA) proceedings. Most recently, on September 12, 2016, Attorney Matthew Rapa was appointed to represent [Appellant] in regards to his fourth PCRA petition. Counsel's independent inquiry revealed no basis for relief, and he filed a Motion to Withdraw and a Finley[3] no-merit letter indicating the same. This [c]ourt entered an order denying the PCRA petition, and [Appellant] appealed. The Superior Court affirmed the denial of [Appellant's] fourth PCRA petition on February 22, 2018.

[3] Commonwealth v. Finley, 550 A.2d 213 (Pa. Super. 1988).

On May 8, 2018, [Appellant] attempted to revive his case yet again by filing a Request for Transcripts, with a supporting affidavit alleging indigent status and requesting the cost of the transcripts be waived. In response, this [c]ourt issued an order denying the request for transcripts on May 29, 2018, emphasizing that [Appellant] had no matters pending for which transcripts would be required, and that all the materials he requested had previously been provided. [Appellant] filed a Notice of Appeal challenging that order on June 13, 2018, and he was directed to comply with Pa.R.A.P. 1925(b) on June 14, 2018. On June 29, 2018, [Appellant] filed a "Concise Statement Pursuant to Pa.R.A.P. 1925(b)(1)" (hereinafter Concise Statement), making five (5) allegations regarding the denial of his request.

Trial Court Opinion, 7/27/18, at 1-2.

Appellant presents the following issues for our review, which we set forth verbatim:

> Did the Common Pleas Court Fail to Provide Proof that a copy of the requested record has in fact been provided to the defendant **(Not counsel)**?
>
> Did the Common Pleas Court deprive defendant of the right to an effective appeal by denying him access to the trial transcript, and PCRA Hearing Transcript in the past and present?
>
> Did the Common Pleas Court deprive defendant of a meaningful review of the record requested insuring that he will be unable to avail the perfection of an adelquate appeal of his conviction?
>
> Did the Common Pleas Court error when it fail to provide an alternative to obtain the record thedefendant requested?
>
> Did the Common Pleas Court deprive defendant of a meaningful review of the requested record insuring that he will never have a equal opportunity in litigating any issues fairly in the future, as it did in the past, and also preventing him from discovering any issues within the record?

Appellant's Brief at 2-3.

Appellant does not separate the argument portion of his brief into five distinct sections corresponding to his statement of the questions involved. Instead, he presents one undivided discussion, contending that the common pleas court erred when it denied him access to transcripts. Appellant's Brief at 4-5. Appellant asserts that "even though trial counsel was provided with a copy [counsel] never turned over a copy to [Appellant]." *Id.* at 4. Appellant further argues that:

> because he was never provided with a copy of the requested transcript by counsel and the court it was impossible for him to prepare a meaningful ap[p]eal for the court to review, and that

for whatever reason [Appellant] is not at fault for not having essential transcripts in his possession.

*Id.*

In *Commonwealth v. Martin*, 705 A.2d 1337 (Pa. Super. 1998), under circumstances similar to those presented in the instant case, we affirmed the trial court's denial of such a request for the following reasons:

> The resolution of this appeal is governed by this Court's holding in *Commonwealth v. Ballem*, 482 A.2d 1322 (Pa.Super.1984). Like the appellant in that case, the instant appellant asserts that the requested documents are necessary in order for him to pursue relief in post-conviction proceedings. As such, the reasoning that was affirmed in *Ballem* applies directly to this matter. That is, despite the validity of the asserted necessity for a Post Conviction Relief Act motion,
>
> > no such action is currently pending. Consequently, the lower court, confronted only with the instant petition, was in no position to assess appellant's claims to determine whether they constituted compelling reasons warranting a grant of his petition. In such a case, and until a proceeding to question the record is commenced, we find no abuse of the lower court's discretion in denying appellant's request.
>
> *Id.* at 1324.

*Martin*, 705 A.2d at 1338 (footnotes omitted).

This Court again addressed the issue in *Commonwealth v. Crider*, 735 A.2d 730, 733 (Pa. Super. 1999). In *Crider*, the defendant filed a motion seeking, *inter alia*, a copy of the certified record and the transcripts of his guilty plea and sentencing hearings in order to pursue PCRA relief. *Id.* at 731. In upholding the trial court's denial of Crider's motion, this Court explained:

> The trial court correctly observed that a court is not required to comply with a defendant's request for transcripts in order to pursue relief in a PCRA proceeding where no such action is pending. [*Martin*, 705 A.2d 1337]; *Ballem*, [482 A.2d 1322]. In *Martin*, this Court rejected the appellant's argument that the documents requested through defendant's *pro se* motion were necessary in order for the defendant to pursue relief in post-conviction proceedings. *Martin*, 705 A.2d at 1338. We adopted the reasoning in *Ballem* that a trial court, confronted only with a petition for production of documents where no action is pending, is in no position to assess a petitioner's claims to determine whether they constitute compelling reasons warranting a grant of the petitioner's petition. *Id.* Here, as in *Martin*, we decline to find an abuse of discretion in denying the petitioner's request until a proceeding to question the record is commenced. *See id.*

*Crider*, 735 A.2d at 733.

In addressing Appellant's claims herein, the trial court cited *Martin* and *Crider* in concluding that it was not required to grant a request for transcripts when the request was not connected to a pending action. Trial Court Opinion, 7/27/18, at 3. The court also stated the following in furtherance of its decision:

> Aside from the absence of a pending matter, [Appellant] has failed to identify the specific transcripts he is seeking.[4] He also ignores the fact that all of [the] transcripts have already been provided to him on numerous occasions.[5] Despite having multiple opportunities to review these materials during the course of the appeal process, he has been unable to produce a claim that would entitle him to relief. Even when counsel was appointed to represent [Appellant's] interests, they were unable to substantiate any legitimate claims for relief on his behalf. It is unlikely that there is anything left to be discovered in the record if [Appellant's] motion is granted. This most recent filing is nothing more than a thinly veiled attempt to re-litigate issues that have previously [been] deemed meritless.
>
> [4] [Appellant's] failure to specify which transcripts he is requesting suggests that he has not yet established

- 5 -

a new basis for challenging his conviction. [Appellant] is really engaging in a fishing expedition, hoping to find a new issue to raise by reviewing the entire record yet again. This is not a basis for granting his request.

[5] Throughout the history of this case, all of the transcripts have been provided to [Appellant] at one point or another for his review, and he utilized them in crafting his series of appeals. Nothing in the record has changed since the last time the Superior Court denied relief on February 22, 2018, so there is no reason to provide [Appellant] with the transcripts once more.

Trial Court Opinion, 7/27/18, at 3-4.

Instantly, Appellant had not filed a PCRA petition or initiated any other pending matter when he requested copies of the transcripts. Consequently, pursuant to **Martin**, **Crider**, and **Ballem**, the trial court did not err in denying Appellant's request. Furthermore, Appellant provides no argument directly addressing our holdings in **Martin, Crider** and **Ballem**. Moreover, as the common pleas court observed, Appellant has not identified which transcript he is seeking or the basis for the request; thus, his claim lacks specificity and could be waived on that basis.[1] Lastly, evidence of record reflects that Appellant has received these transcripts previously. Accordingly, we conclude that Appellant is not entitled to relief on his claims.

---

[1] "The failure to develop an adequate argument in an appellate brief may result in waiver of the claim under Pa.R.A.P. 2119." **Commonwealth v. Beshore**, 916 A.2d 1128, 1140 (Pa. Super. 2007). We shall not develop an argument for an appellant, nor shall we scour the record to find evidence to support an argument; instead, we will deem issue to be waived. **Id.**

- 6 -

Order affirmed.

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/1/19