J. S06042/20

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| SHAUN PATRICK AUSTIN, | : | No. 2774 EDA 2019 |
| | : | |
| Appellant | : | |

Appeal from the Order Entered September 6, 2019,
in the Court of Common Pleas of Northampton County
Criminal Division at No. CP-48-CR-0002008-2008

BEFORE:  LAZARUS, J., McLAUGHLIN, J., AND FORD ELLIOTT, P.J.E.

MEMORANDUM BY FORD ELLIOTT, P.J.E.:          **FILED MARCH 24, 2020**

Shaun Patrick Austin appeals ***pro se*** from the September 6, 2019 order entered in the Court of Common Pleas of Northampton County that denied his ***pro se*** motion to compel production of transcripts.  We affirm.

At the outset, we note that in the underlying criminal case at No. CP-48-CR-0002008-2008 ("No. 2008-2008"), a jury convicted appellant of 96 counts of possession of child pornography.[1]  The trial court imposed an aggregate sentence of 72 to 192 years of imprisonment.  In a companion case at No. CP-48-CR-0002007-2008 (No. 2007-2008), a jury convicted appellant of rape of a child, statutory sexual assault, involuntary deviate sexual

---

[1] 18 Pa.C.S.A. § 6312(d).

intercourse, and recklessly endangering another person.[2]  The trial court imposed an aggregate sentence of 15 to 40 years of imprisonment at No. 2007-2008 to run consecutively to the sentence imposed at No. 2008-2008.  This court affirmed appellant's judgment of sentence at No. 2007-2008.  *Commonwealth v. Austin*, No. 1091 EDA 2010, unpublished memorandum (Pa.Super. filed March 11, 2011).  This court affirmed appellant's convictions at No. 2008-2008, but vacated appellant's judgment of sentence and remanded for resentencing after concluding that the trial court abused its discretion by imposing a *de facto* life sentence. *Commonwealth v. Austin*, No. 1092 EDA 2010, unpublished memorandum (Pa.Super. filed March 11, 2011).  On remand, appellant was resentenced to an aggregate term of incarceration of 35 to 70 years to run consecutively to the sentence imposed at No. 2007-2008.  This court affirmed appellant's judgment of sentence at No. 2008-2008 on May 13, 2013.  *Commonwealth v. Austin*, 66 A.3d 798 (Pa.Super. 2013) (unpublished memorandum).

With respect to the appeal now before us, the PCRA[3] court set forth the following:

> Beginning at least as early as January of 2018, [appellant] directed serial correspondence to Northampton County Court Administration seeking the production of various transcripts.  [Appellant] had also previously corresponded with Northampton County Court Administration seeking production of

---

[2] 18 Pa.C.S.A. §§ 3121(c), 3122.1, 3123, and 2705, respectively.

[3] Post Conviction Relief Act, 42 Pa.C.S.A. §§ 9541-9546.

transcripts in the case at [No.] C-48-CR-2007-2008. By way of letter dated January 22, 2018, Northampton County Court Administration indicated to [appellant] that:

> Your most recent correspondence dated January 13, 2018, addressed to J. Jermaine Greene, Sr., Court Administrator, is hereby acknowledged.
>
> In Mr. Greene's correspondence to you dated May 21, 2015 in Case No. 2007-2008, of which I have enclosed a copy for your ease of reference, he advised that the dates referenced which were Calls of the List, did not produce any transcripts.
>
> January 12, 2009, March 9, 2009, April 13, 2009, May 11, 2009, June 8, 2009, July 6, 2009, and August 3, 2009 were all calls of the list, and therefore, we are unable to provide you with transcripts for said dates.
>
> As advised by Mr. Greene in No. 2007-2008, and as you have now also been provided all transcripts in [No.] 2008-2008, this concludes all future requests for such in these criminal actions.

On February 14, 2019, [appellant] filed a **_pro se_** Motion to Compel Transcripts, therein seeking transcripts for "call of the list/orders for continuances from 1/12/09, 2/9/09, 3/9/09, 4/9/09, 5/11/09, 6/8/09, 7/6/09, and 8/9/09," and requesting a conference or hearing with arrangements for [appellant's] remote appearance. [Appellant's] request for a hearing was essentially a request for an evidentiary post-conviction relief hearing, whereby [appellant] sought to have his previous counsel, the current clerk of courts for Northampton County, and the current Northampton County Court Administrator present to testify. In support of his request for transcripts for the specified dates, [appellant] alleged

that he believed these transcripts contained evidence relevant to an argument raised in his previous PCRA petition involving a previous Rule 600 Hearing and whether or not [appellant's] pre-trial counsel had requested continuances on certain dates.

Additionally, [appellant] cites a previous Order of Court, dated October 7, 2011, at [No.] 2007-2008, which granted [appellant's] previous Motion for Production of Transcripts and directed that the following transcripts be provided to [appellant]:

> the transcript of the calls of the criminal list as it relates to the case of [appellant], criminal action numbers 2006,[4] 2007, and 2008 of 2008, on the following dates: January 12, 2009; February 9, 2009; March 9, 2009; April 14, 2009; May 11, 2009; June 8, 2009; July 6, 2009; and August 4, 2009.

On September 6, 2019, upon the review of [appellant's] correspondence, Motions, and the record in this matter, th[e trial c]ourt entered an Order denying [appellant's] Motion to Compel Transcripts as moot. Although Judge Smith's Order of October 7, 2011 at [No.] 2007-2008 granted [appellant's] Motion for Production of Transcripts and directed the production of the requested transcripts, [appellant's] Motion was moot because: (1) Northampton County Court Administration had previously provided [appellant] with all existing transcripts for the criminal cases at [No.] 2007-2008 and [No.] 2008-2008, and informed [appellant] of same; (2) Northampton County Court Administration further informed [appellant] that because the transcripts requested were for Calls of the List, no transcripts for these dates existed; and (3) part of the relief requested was essentially in the form of a post-conviction evidentiary hearing, and [appellant] had not established the jurisdictional requisites because he did not have a

---

[4] On the record before us, we are unable to ascertain the nature of the proceedings that have only been identified as No. 2006-2008.

PCRA petition presently pending before this Court setting forth the basis for such relief. In fact, at the time [appellant] filed his Motion, the Superior Court of Pennsylvania still had jurisdiction over [appellant's] appeal from the dismissal of his previous PCRA petition in the above-captioned matter, at docket number 1[8]76 EDA 2018. For these reasons, no relief could have been afforded to [appellant] and there was no basis on which to grant his Motion.

PCRA court opinion, 10/16/19 at 3 (record citation omitted).

The record reflects that appellant filed a timely notice of appeal. Within his notice of appeal, appellant included a Pa.R.A.P. "1925(b) [m]atters complained of on [a]ppeal." (Notice of appeal, 9/13/19.) The PCRA court then filed a Rule 1925(a) opinion.

Appellant raises the following issues.

1. Has the [trial] court committed a grievious [sic] error in refusing to turn over transcripts of the "call of the list/continuance requests"; wherein [appellant] believes said transcript would affirmatively prove the prosecutor lied and [appellant's] speedy trial rights violated [sic]?

2. Has the [trial] court committed an error by failing to hold a hearing to reconstruct the missing transcripts?

Appellant's brief at 2.

At the outset, we note that appellant's brief to this court does not conform in all material respects with Pa.R.A.P. 2111 and dismissal would be warranted on that basis. *See* Pa.R.A.P. 2101 (authorizing dismissal of appeal when appellant submits a substantially defective brief). Appellant's brief does not include the order in question, but merely references the denial of

appellant's motion. The brief also fails to include a statement of the scope of review and the standard of review, a statement of the case, a summary of the argument, and a short conclusion stating the precise relief sought.

Additionally, appellant's one-page argument fails to advance any meaningful discussion as to how the PCRA court erred or abused its discretion in denying appellant's motion to compel production of transcripts when (1) all existing transcripts have been provided to appellant; (2) the call-of-the-list transcripts do not exist; and (3) the law of this Commonwealth holds that a court need not comply with a transcript request when no action is pending before it. *See Commonwealth v. Martin*, 705 A.2d 1337, 1338 (Pa.Super. 1998) (Pa.Super. 1998) (finding trial court properly exercised discretion in denying motion for transcripts where no action pending); *see also Commonwealth v. Crider*, 735 A.2d 730, 733 (Pa.Super. 1999) (stating "a court is not required to comply with a defendant's request for transcripts in order to pursue relief in a PCRA proceeding where no such action is pending."). Indeed, appellant's one-page argument fails to include any discussion of any relevant authority. It is well settled that "where an appellate brief fails to provide any discussion of a claim with citation to relevant authority or fails to develop the issue in any other meaningful fashion capable of review, that claim is waived." *Commonwealth v. Johnson*, 985 A.2d 915, 924 (Pa. 2009) (citations omitted). Consequently, appellant waives his claim on appeal.

Notwithstanding waiver, we note that appellant is not entitled to the relief he sought. The record reflects that appellant filed his ***pro se*** motion to compel production of transcripts approximately nine months after the dismissal of his PCRA petition.[5] Therefore, the PCRA court properly exercised its discretion in denying appellant's motion for transcripts because no PCRA petition was pending. ***See Crider***, 735 A.2d at 733; ***see also Martin***, 705 A.2d at 1338.[6] Finally, appellant claims that he needs the transcripts because "the [trial] court [that presided over his jury trial] did not rule on [his Rule 600] motion until it was appealed." (Appellant's brief at 4.) In affirming appellant's convictions at No. 2008-2008, however, this court thoroughly discussed and disposed of appellant's meritless challenge to the denial of his Rule 600 motion.[7] ***Austin***, No. 1092 EDA 2019 at 10-13.

Order affirmed.

---

[5] The record reflects that the PCRA court dismissed appellant's PCRA petition on May 8, 2018, and that appellant filed his motion to compel production of transcripts on February 14, 2019.

[6] We further note that even if appellant was entitled to the call-of-the-list transcripts, he would not receive them because they do not exist.

[7] We note that appellant raised an identical Rule 600 claim on direct appeal of his convictions at No. 2007-2008. In affirming appellant's judgment of sentence on that docket, this court, in an identical analysis as that set forth on appellant's appeal at No. 2008-2008, concluded that appellant's challenge was meritless. ***Austin***, No. 1091 EDA 2010 at 11-14.

J. S06042/20

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/24/2020