J-S16034-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT OP 65.37**

| | | |
|---|---|---|
| IN RE: OTHER | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| | : | |
| | : | |
| APPEAL OF: AISHA BRADLEY | : | No. 2100 EDA 2022 |

Appeal from the Order Entered July 8, 2022
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-MD-0003368-2021

BEFORE:  DUBOW, J., MURRAY, J., and McCAFFERY, J.

MEMORANDUM PER CURIAM:                          **FILED JUNE 22, 2023**

Aisha Bradley (Appellant) appeals *pro se* from the July 8, 2022, order entered in the Philadelphia County Court of Common Pleas, denying her motion for audio recordings of two hearings, which was filed while her prior appeal was pending.[1]  We now dismiss this appeal and deny her April 30, 2023, "Application for Post-Submission Communication."

## I.  Procedural History

On August 3, 2021, Appellant filed a private criminal complaint with the Philadelphia District Attorney's Office (DA),[2] purportedly as power of attorney

_____

[1] **In re: Other**, 393 EDA 2022 (Pa. Super. Feb. 28, 2023).

[2] The Pennsylvania Supreme Court has recently explained:

> Pennsylvania Rule of Criminal Procedure 506 . . . authorizes private citizens to file criminal complaints against other persons before the appropriate issuing authority.  [T]he private criminal

*(Footnote Continued Next Page)*

for her 70-year old friend, Patricia Simon. At a hearing before the trial court, Appellant explained her claims, which she characterized as "municipal fraud," as follows: (1) in 1960 or 1962, City of Philadelphia employees improperly took Patricia's home and land to be public park property; (2) "landlocked" Patricia's property; and then (3) "cover[ed] up" their actions with "lie[s]" and "false statements in government documents." N.T., 12/7/21, at 9-13.

> The DA disapproved the private criminal complaint as follows:
>
> Prosecutorial discretion. Judicial economy. Intent on behalf of the accused parties unclear. Matters not appropriate for a private criminal complaint. Complainant advised to seek remedy in civil court.

*In re: Other*, 393 EDA 2022 (unpub. memo. at 3) (footnote & quotation marks omitted). Appellant appealed to the Philadelphia Municipal Court, which denied relief on September 21, 2021. *See* Trial Ct. Op., 5/6/22, at 1.

Appellant then appealed to the Court of Common Pleas (trial court), which conducted the aforementioned hearing on December 7, 2021. Patricia was not present, and Appellant did not know Patricia's current address. N.T., 12/7/21, at 14. The trial court sought to review the power of attorney, but

---

> complaint must first be submitted to an attorney for the Commonwealth for approval or disapproval. If . . . the Commonwealth disapproves[,] Rule 506 . . . permits the private complainant to petition the court of common pleas to review the disapproval decision.

*In re Private Complaint Filed by Luay Ajaj*, 288 A.3d 94, 96 (Pa. 2023) (footnotes omitted).

Appellant did not have it with her. Thus, the court continued the hearing to the following day, repeatedly directing Appellant to produce an original, current, valid, and notarized power of attorney. *Id.* at 18-19, 38, 56, 60.

At the hearing on the second day, Appellant provided a copy of a power of attorney, but the trial court found it was not valid. Specifically, the court observed: the signatures were not original; the signature on page 9 "looks very different than every other signature;" and one signature had a date of August 25, 2019, although the date of the notarization was August 17th. N.T., 12/8/21, at 4. Accordingly, as Appellant had acknowledged she did not own the subject property, *see* N.T., 12/7/21, at 9, the court concluded she lacked standing to seek judicial review of the DA's disapproval of the private criminal complaint. Trial Ct. Op., 5/6/22, at 5. The court thus dismissed her appeal from the Municipal Court.

## II. Prior Appeal at 393 EDA 2022

Appellant appealed from that decision to this Court. Pertinently, her trial court-ordered Rule 1925(b) statement of matters complained of on appeal stated it was "impossible" to file a Rule 1925(b) statement because "the transcripts were defective and the trial court refused to provide an audio recording of the proceedings." *In re: Other*, 393 EDA 2022 (unpub. memo. at 5). The Rule 1925(b) statement included "172 numbered paragraphs, replete with subparagraphs," and her appellate brief presented "102 questions, most of which accuse[d] judges and assistant district attorneys of

- 3 -

official oppression, misconduct, obstruction, conspiracy, and other offenses."
***Id.*** at 5-6 (footnote omitted).

Appellant additionally filed applications for various types of relief in this Court, resulting in the issuance of 14 separate denial orders. ***See***, ***e.g.***, Order, 393 EDA 2022 (Pa. Super. Feb. 7, 2023) (citing "Appellant's established pattern of submitting an ordinate number of prolix filings in the trial court and in this Court" and prohibiting her from filing further applications).

On February 28, 2023, the panel dismissed the appeal, on the grounds Appellant failed to comply with Rule 1925(b) and the briefing requirements of our Rules of Appellate Procedure. ***In re: Other***, 393 EDA 2022 (unpub. memo. at 8-9). Appellant's petition for reargument was denied on May 9th. Nevertheless, Appellant attempted to communicate directly with the panel Judges, and on May 15th, the panel issued an order, proclaiming such conduct violated Pa.R.A.P. 121(a) ("Papers required or permitted to be filed in an appellate court shall be filed with the prothonotary."). The order further advised, "Any further attempts to contact the individual judges or judicial chambers directly shall result in the imposition of sanctions." Order, 393 EDA 2022 (Pa. Super. May 15, 2023).

### III. Underlying July 8, 2022, Order

While the above appeal was pending, Appellant continued to file applications for relief in the trial court. Pertinently, on March 11, 2022, she requested audio recordings of the two trial court hearings. Trial Ct. Op.,

1/27/23, at 2. The trial court denied this motion, reasoning Appellant had received copies of the transcripts. Nevertheless, on June 29th, Appellant filed another motion, renewing her request for the audio recordings. *Id.* at 4. The trial court denied this motion with prejudice on July 8th, and Appellant filed a notice of appeal.

On October 20, 2022, this Court issued a per curiam order, directing Appellant to show cause why this appeal should not quashed as having been taken from an unappealable order. *See* Pa.R.A.P. 341(a) (generally, appeal may be taken as of right from any final order), (b) (a final order disposes of all claims and of all parties). Appellant replied — while the prior appeal was still pending — citing, *inter alia*, **Commonwealth v. Martin**, 705 A.2d 1337 (Pa. Super. 1998), and with **Commonwealth v. Ballem**, 482 A.2d 1322 (Pa. Super. 1984) (both discussed *infra*). This Court discharged the rule to show cause, but advised this issue would be referred to the merits panel. Order, 3/15/23.

## IV. Analysis

Appellant has filed a *pro se* 139-page, disjointed and rambling brief with this Court, raising an inordinate number of claims.[3] However, the order

---

[3] For example, Appellant alleges misconduct by assistant district attorneys, the trial court's failure to review the merits of her claims, the court's error in "look[ing] for a Valid Power of Attorney," and improper *ex parte* communication between the DA and trial court. Appellant's Brief at 4, 27, 45. *(Footnote Continued Next Page)*

appealed from is the trial court's July 8, 2022, denial of her motion for audio recordings of the two December 2021 hearings. We thus focus our review on whether Appellant is entitled to relief on this discrete issue.

Our Supreme Court recently held:

> [W]hen reviewing a prosecutor's decision disapproving a private criminal complaint under Rule 506, a court of common pleas may only overturn that decision if the private complainant demonstrates that the disapproval decision amounted to bad faith, occurred due to fraud, or was unconstitutional. . . .

*In re Private Complaint Filed by Luay Ajaj*, 288 A.3d at 109.

In *Ballem*, cited by Appellant in her response to our rule to show cause order, the defendant received a sentence of death in 1955. *See Ballem*, at 482 A.2d at 1323. In 1983, he filed a petition for the production of transcripts for the proceedings — which was denied. *Id.* On appeal, this Court noted:

> It is well-established that constitutional due process and equal protection require that a criminal defendant be afforded copies of his trial transcripts in order to effectively prosecute an appeal. Our Supreme Court has long upheld this procedural right and has attributed to the state the responsibility of providing a defendant with copies of the necessary proceedings so that appellate rights might be actively pursued.

*Id.* 482 A.2d at 1323 (citations & footnote omitted).

However, the *Ballem* Court reasoned a defendant seeking transcripts "must allege some basis which would justify its exercise." *Ballem*, at 482

---

Additionally, her "Statement of the Questions Involved" presents 20 enumerated claims. *Id.* at 31-35.

A.2d at 1323. In **Ballem**, "no such action [was] currently pending," and thus the trial court "was in no position to assess [the defendant's] claims." **Id.** at 1324. The Court thus concluded that "until a proceeding to question the record is commenced," there was no abuse of discretion in the trial court's denying the request for transcripts. **Id.**

Next, in **Martin**, the criminal defendant, seven months after sentencing, filed *pro se* motions seeking the production of transcripts and *in forma pauperis* status, in order to prepare for post-conviction proceedings. **Martin**, 705 A.2d at 1338. The trial court denied relief, reasoning the defendant had no currently open matters, including any pending appeal. **See id.** The defendant appealed from that order, arguing "the denial of his requests constituted violations of several rules of procedure and various constitutional rights." **Id.** This Court held the issue was governed squarely by **Ballem**, and affirmed the denial. **Id.**

As stated above, Appellant filed the underlying motion for audio recordings, as well as her response to this Court's rule to show cause order, while her prior appeal was pending. That appeal concluded, however, when the prior panel dismissed her appeal and, on May 9, 2023, denied her petition for reargument. Accordingly, the trial court's dismissal of Appellant's appeal from the Municipal Court has not been disturbed. In other words, there is no currently open matter at this trial court docket.

We acknowledge that **Ballem** and **Martin** addressed requests for transcripts, whereas the instant issue is the denial of audio recordings. Nevertheless, against the particular circumstances of this case, we conclude that under the rationale of those decisions, Appellant is not entitled to relief. **See Martin**, 705 A.2d at 1338; **Ballem**, at 482 A.2d at 1323-24. Furthermore, we emphasize the trial court found Appellant lacked standing to bring the private criminal complaint — and this conclusion has likewise not been disturbed. Accordingly, we dismiss this appeal.

## V. Additional Motions

At this juncture, we note Appellant has continued to file more than a dozen long and convoluted applications in this Court, resulting in multiple denial orders. On May 18, 2023, this panel issued an order, again warning Appellant: "Any further attempts to contact the individual judges or judicial chambers directly shall result in the imposition of sanctions." Order, 5/18/23. That order further provided, "No other applications will be entertained in connection with the instant appeal, and this Court's Prothonotary is specifically instructed to reject any such attempted filing by Appellant." We remind Appellant the May 18, 2023, order remains in effect.

Finally, Appellant has filed, on April 30, 2023, an "Application for Post-Submission Communication." In light of our disposition above, we DENY the application.

## VI. Conclusion

Appeal dismissed. Appellant's Application for Post-Submission Communication denied. This Court's May 18, 2023, order remains in effect.

*Judgment Entered.*

*Joseph D. Seletyn, Esq.*
*Prothonotary*

*Date: 6/22/2023*